**Vincent J. ALLOTTA, Plaintiff,**

v.

**The CHASE MANHATTAN BANK, N. A., Defendant.**

No. 82 Civ. 3526(MP).

United States District Court, S. D. New York.

Sept. 24, 1982.

Field, Lomenzo & Turret by Ira A. Turret, New York City, for plaintiff.

Andrew S. O'Connor, Litigation Div., by Jeanne C. Miller, New York City, for defendant The Chase Manhattan Bank, N. A.

MEMORANDUM

MILTON POLLACK, District Judge.

Vincent Allotta commenced this action against his former employer, The Chase Manhattan Bank, alleging that he was discharged by the Bank on May 30, 1980 in violation of the Age Discrimination Act of 1967, as amended, 29 U.S.C. §§ 621–634. The Bank has moved pursuant to Rule 12(b)(6), Fed.R.Civ.P. to dismiss this action on the ground that the statute prohibits commencement of such a suit against an

employer unless the aggrieved employee has filed a charge alleging unlawful discrimination against his former employer with the Equal Employment Opportunity Commission within a specified time after the alleged unlawful practice occurred and that here, Allotta filed such a charge long after the expiration of the period within which to complain of the alleged unlawful practice.

Allotta concedes the untimeliness of the filing of his charge but contends that equitable considerations tolled the time limit. Having failed to set forth any facts to justify equitable tolling of the filing requirement, plaintiff's civil action must be dismissed. The facts follow.

Allotta was employed by Chase Manhattan Bank or its predecessor for 17 years until he was terminated at 43 years of age. At the time of his discharge, Allotta was employed as a Vice President and Account Executive in the Factor and Finance Department of Chase and was salaried at about $45,000 per year. Allotta was terminated as of May 30, 1980 although he received salary until November 30, 1980. On June 24, 1980 plaintiff granted an interview concerning his severance to a trade newspaper, the Women's Wear Daily, which stated that Allotta announced he was leaving the company and in which he said "he was leaving because of a difference over 'the philosophy of operating a factoring company.'"

Allotta did not commence any form of proceedings against the Bank until February 17, 1982 when he filed a charge with the Equal Employment Opportunity Commission. On April 23, 1982, he filed a complaint with the State Division of Human Rights. This Division declared on May 27, 1982, pursuant to Executive Law § 297.2, that it did not have jurisdiction as the complaint was filed more than one year after the alleged violation. On May 28, 1982 this action was filed.

Section 626(d) of the Age Discrimination in Employment Act provides:

No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Secretary [Equal Employment Opportunity Commission]. Such a charge shall be filed—

(1) within 180 days after the alleged unlawful practice occurred; or
(2) in a case to which section 633(b) of this title applies, [such as New York], within 300 days after the alleged unlawful practice occurred, or within 30 days after the receipt by the individual of notice of termination of proceedings under State law, whichever is earlier.

There is no doubt that the 300 day filing requirement was not met. No charge was filed until February 17, 1982. This date is more than 300 days after both Allotta's notification of his severance, May 30, 1980 and his last receipt of salary from Chase, November 30, 1980. Allotta does not dispute that he failed to satisfy the statutory requirement for filing.

Nonetheless, plaintiff claims that equitable considerations should operate to toll the 300 day requirement. In particular, he claims that he delayed in filing his claim as he feared that doing so would jeopardize his job search and further that he was unaware initially of Chase's discharge of other employees in his age group.

Plaintiff is correct in noting that equitable considerations can toll this requirement. Thus, Judge Carter, in *Pirone v. Home Insurance Company,* 507 F.Supp. 1281 (S.D.N.Y.1981), refused to dismiss an action under the Age Discrimination in Employment Act despite the failure of the plaintiff to file within 300 days. Judge Carter noted that inadequate posting of notice of employees' rights by the employer could toll the requirement and held that an evidentiary hearing on the adequacy of the employer's posting of notice must be undertaken before a decision could be made on the motion to dismiss.

Allotta cannot come within this limited exception to the statutory requirement. Allotta has alleged no action on the part of Chase that delayed his filing. There is no

claim that Chase failed to post required notice and no allegation that Chase in any way deterred Allotta from bringing this action. Thus, Allotta does not claim that Chase fraudulently concealed its reasons for terminating Allotta. Allotta was aware of the fact that after he left, as stated to the Women's Wear Daily, he had been replaced by a younger employee. There is also no claim by Allotta that he was unaware of his alleged rights under the Act.

Allotta's only reason—given at this time—for not filing relate to his own perception that such action would harm his prospective career opportunities. His willingness to speak with the press shortly after his discharge suggests that he did not fear publicity at that time.

In addition, Allotta's claim that general fears—if indeed there were any—of hurting his employment search are not adequate justification to support equitable tolling of the 300 day requirement. Allowing Allotta's claim would put an automatic extension into the Act for anyone not rehired or not yet secure in their new job.

Allotta relies on *Aronsen v. Crown Zellerbach,* 662 F.2d 584 (9th Cir. 1981) for the proposition that a Court should excuse late filing when the plaintiff delayed out of fear of losing job benefits. This case cannot help Allotta. In *Aronsen v. Crown Zellerbach, supra,* the employee feared losing his severance pay and company aid in finding work. In Allotta's case, on the other hand, all ties with Chase were severed. The only aid that Allotta received in finding employment was from a retired Chase official. Also, after November 30, 1980, Allotta received no pay from Chase. Allotta has not asserted that he feared that payment until that time would be jeopardized by his filing of a charge. Even if he were to allege this, such fear could not justify waiver of the 300 day requirement as he also failed to file within 300 days of receipt of his final pay from Chase.

Plaintiff also relies on *Franci v. Avco Corp.,* 460 F.Supp. 389 (D.C.Conn.1978) as support for his view that a plaintiff's fear about reemployment should justify a delay in filing. This case does not aid Allotta. In *Franci v. Avco Corp., supra,* the plaintiff had hoped to be rehired by his original employer. Fears of antagonizing one's former employer are more legitimate and specific than Allotta's expression of some general insecurity.

Plaintiff also claims that his failure to file on time should be excused as he was unaware of Chase's discharge of other employees in his age group at the time he was discharged. It is not clear what significance plaintiff wishes to attach to his learning of the discharge of the other employees. Allotta does not claim that Chase concealed from him the fact that his discharge was based on age. He was aware of the fact that he had been replaced by a younger man. As Allotta was aware of adequate facts to infer the motive for his discharge, his learning of the subsequent discharges is not relevant. In addition, it is somewhat inconsistent for Allotta to claim that he was deterred in filing as he feared harm for his career and also to claim that these firings made him aware of his rights at a later date.

Thus, as Allotta failed to file the required charge with the Secretary [Equal Employment Opportunity Commission] within the 300 days required by statute and as he has failed to establish sufficient grounds for equitable tolling of this requirement, the motion to dismiss his action must be granted.

Complaint dismissed, with costs.

SO ORDERED.