**Thelma GRAVES, Plaintiff,**

**v.**

**The UNIVERSITY OF MICHIGAN, INSTITUTE OF CONTINUING LEGAL EDUCATION, Defendant.**

**Civ. A. No. 81–71461.**

United States District Court,
E.D. Michigan, S.D.

Nov. 1, 1982.

Connye Y. Harper, Detroit, Mich., for plaintiff.

Constance M. Ettinger, Robert Vercruysse, Detroit, Mich., for defendant.

### MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS

PATRICIA J. BOYLE, District Judge.

Before the court is the issue of whether the filing requirements of Title VII, 42 U.S.C. § 2000e–5(e), are tolled for equitable reasons or whether plaintiff's complaint must be dismissed as untimely. On May 8, 1981, plaintiff filed her complaint pro se against her former employer, The Institute for Continuing Legal Education (University of Michigan), alleging employment discrimination. Two amended complaints have since been filed clarifying the nature of

plaintiff's claim (sex discrimination). Plaintiff retained counsel on January 20, 1982.

According to plaintiff's second amended complaint, she was employed by The Institute for Continuing Legal Education (University of Michigan) from 1968 until 1972, during which time her salary and duties were occasionally altered. On July 1, 1972, plaintiff stopped working for The Institute for Continuing Legal Education (University of Michigan) but continued to receive her salary until one year later. After July 1, 1973, and until December 31, 1980, plaintiff received disability benefits from the University, computed at 50 percent of her monthly salary.

On September 25, 1975, plaintiff filed a charge with the Equal Employment Opportunity Commission [hereinafter EEOC], alleging sex discrimination in the award of disability benefits because the benefits were based on her salary which, she contends, was discriminatory as well. On February 19, 1982, the EEOC issued notice of right to sue.

This court having held that the alleged Title VII violation occurred, at the latest, at the time plaintiff ceased working for defendant in 1972 and that the EEOC charge filed in 1975 did not allege a violation of Title VII occurring within 300 days prior to the filing, defendant's motion to dismiss will be granted, unless plaintiff produces some reason for invoking the equitable principles of waiver, estoppel, or equitable tolling.

Plaintiff claims that, while she suspected discrimination in 1972 and requested defendant to investigate at that time (Plaintiff's Exhibit 3), facts which would support a cause of action for sex discrimination were withheld by defendant and not known by plaintiff until December 20, 1974, when plaintiff received a letter from defendant presenting salary data on employees holding positions similar to Mrs. Graves's. (Plaintiff's Exhibit 4.) This disclosure was made, the plaintiff asserts, within 300 days prior to the filing of when the EEOC charge was filed.

Hence, plaintiff's major argument is that equitable tolling should be applied when plaintiff asserts her rights within a reasonable time after facts which would support a cause of action become apparent. *Reeb v. Economic Opportunity Atlanta, Inc.*, 516 F.2d 924 (5th Cir.1975), and *Strong v. Demopolis City Board of Education*, 515 F.Supp. 730 (S.D.Ala.1981); *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 392, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (U.S.1982).

Plaintiff argues secondly that defendant would not be prejudiced by equitable modification of Title VII requirements in the instant action, claiming that defendant has not alleged prejudice and further that defendant has known of Mrs. Graves's concerns about her salary level at least since February 12, 1972.

In *Burnett v. New York Central Railroad Co.*, 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965), an FELA case, the Supreme Court discussed the purposes served by statutes of limitations generally and noted countervailing principles which may call for equitable adjustment to limitations periods:

Statutes of limitations are primarily designed to assure fairness to defendants. Such statutes "promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared. The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them." *Order of Railroad Telegraphers v. Railway Express Agency, Inc.*, 321 U.S. 342, 348–349, 64 S.Ct. 582, 586, 88 L.Ed. 788. Moreover, the courts ought to be relieved of the burden of trying stale claims when a plaintiff has slept on his rights.

The policy of repose, designed to protect defendant, is frequently outweighed, however, where the interests of justice require vindication of the plaintiff's rights. Thus, this Court has held that an FELA action is not barred ... where a

defendant misled the plaintiff .... Moreover, it has been held that the FELA limitation provision is tolled when war has prevented a plaintiff from bringing his suit .... In such cases a plaintiff has not slept on his rights but, rather, has been prevented from asserting them. *Id.* at 428–29, 85 S.Ct. at 1054–55 (footnote omitted).

In *Zipes v. Trans World Airlines, Inc.,* 455 U.S. at 392, 102 S.Ct. at 1132, the Supreme Court clearly stated that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." In reaching this conclusion, the Court considered the remedial purposes of the Act and the "guiding principle for construing the provisions of Title VII" that it had announced in *Love v. Pullman Co.,* 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972). In *Love,* "[the Court] explained that a technical reading would be 'particularly inappropriate in a statuory [sic] scheme in which laymen, unassisted by trained lawyers, initiate the process.' 404 U.S., at 527 [92 S.Ct., at 619]." Hence, this court's jurisdiction is not in issue. It remains only to be decided whether the facts of this case warrant waiver, estoppel or equitable tolling.

The Supreme Court has been reluctant to apply equitable tolling principles in Title VII actions. In *International Union of Electrical, Radio & Machine Workers v. Robbins & Myers, Inc.,* 429 U.S. 229, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976), the Court rejected plaintiff's argument that the filing period should be tolled while plaintiff pursued a grievance procedure pursuant to a collective bargaining contract. Distinguishing plaintiff's case in *Electrical Workers* from *Burnett,* the Court stated that, in the latter case, plaintiff *had* asserted his claim but mistakenly filed it where venue did not lie. Service of process had been made, notifying the defendant, and plaintiff had not slept on his rights. *Electrical Workers, supra,* at 237–238, 97 S.Ct., at 447–448. The Court also noted in *Electrical Workers,* "[i]n

no way is this a situation in which a party has 'been prevented from asserting' his or her rights." *Id.* at n. 10, 97 S.Ct. at 447 n. 10 (citing *Burnett, supra* ). More recently, in *Delaware State College v. Ricks,* 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980), the Court held that the Title VII timely filing requirement began to run when a professor was officially notified that he would be offered a one-year terminal contract, signalling his dismissal from the college. The limitations period was not tolled, the Court stated, either during the pendency of Ricks' grievance or during his tenure under the terminal contract.

■ In the instant case, plaintiff informally and sporadically attempted to discuss her suspicions of sex discrimination with The Institute for Continuing Legal Education (University of Michigan) officials beginning, at the latest, in 1972. Plaintiff's informal attempts at conciliation clearly will not serve to toll the Title VII filing requirements. *Cf. Dudley v. Textron, Inc.,* 386 F.Supp. 602, 605–06 (E.D.Pa.1975).

■ As the Court stated in *Burnett, supra,* limitations periods may be tolled where defendant misleads plaintiff. In *Reeb v. Economic Opportunity Atlanta, Inc.,* 516 F.2d 924, 930 (5th Cir.1975), the court held that, in circumstances where plaintiff claimed defendant had actively sought to mislead her and that a reasonable person would not have been aware of the claim, "the statute does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights."

■ The instant case is clearly distinguishable from *Reeb* on its facts. First, in non-federal employee cases, the EEOC's decision to process an untimely charge is not binding on this court. C.R. Richey, Manual on Employment Discrimination and Civil Rights Actions in the Federal Courts, at A 14 (citing *Corbin v. Pan American World Airways,* 432 F.Supp. 939, 943–44 (N.D.Cal. 1977)). Second, defendant here alleges that it is, in fact, prejudiced by plaintiff's delay.

Third, Mrs. Graves has not alleged that defendant actively sought to mislead her. True, in her most recent brief plaintiff recites, "The facts which would support a cause of action for sex discrimination in pay were withheld by Defendant and were not known to Mrs. Graves until December 20, 1974 ...." Plaintiff's Brief, p. 2. This statement, however, appears conclusory. On February 17, 1972, plaintiff wrote to William Pierce, Chairman of The Institute for Continuing Legal Education (University of Michigan) Executive Committee, requesting information pertaining to the salaries of employees in job classifications similar to the plaintiff's. That information was not conveyed to the plaintiff until December 20, 1974. In a letter dated August 27, 1974, plaintiff wrote to the Personnel Department, explaining that on July 29, 1972, Professor Reed had informed the plaintiff that the requested salary information had already been forwarded to her and stating that she had yet to receive the data. Defendant's Exhibit B. Plaintiff wrote that her pursuit of the information had been aborted because of physical disabilities suffered in 1972. In light of plaintiff's lapse of effort to obtain the information, it cannot be found, without more, that defendant actively sought to mislead Mrs. Graves. *Cf. Smith v. American President Lines, Ltd.*, 571 F.2d 102 (2d Cir.1978); *Furr v. Trans World Airlines, Inc.*, 461 F.Supp. 58, 70 (S.D.Ohio 1978). Moreover, even before receiving the data requested by plaintiff in her letter of February 17, 1972, plaintiff believed that facts existed which would support a charge of sex discrimination. In her letter to Professor Pierce, plaintiff stated:

> I am anxious to know how my salary compares with others in this classification, and reasons for any differential that may exist.
> That such differential exists has been determined by the women's representative in Personnel Records; I understand there is a substantial difference, and that my salary is lower. I would like to know the criteria on which such differential is based.

Plaintiff's Exhibit 3. To the same effect, in a letter dated June 23, 1975, from Mrs. Graves to The Institute for Continuing Legal Education (University of Michigan) directors and chairman, Mrs. Graves stated that she "initiated efforts in 1971 to resolve the disparity in salary [she] received and that paid to three men in the same position within the University, that of Conference Coordinator." Mrs. Graves is not, then, in the same position as was the unsuspecting plaintiff in *Reeb, supra*. Here, plaintiff was alerted to the possibility of unlawful discrimination by 1972 at the latest.

Even assuming, arguendo, that the statute should not begin to run until December 20, 1974, as plaintiff contends, plaintiff's charge was still untimely filed. The Sixth Circuit has held that the 300-day extended filing period under section 706(e) of Title VII applicable to plaintiffs who have initially instituted proceedings with a state agency is available only when the state charge itself is timely filed. *Geromette v. General Motors Corp.*, 609 F.2d 1200, 1202 (6th Cir. 1979) *cert. denied*, 446 U.S. 985, 100 S.Ct. 2967, 64 L.Ed.2d 841 (1980). Plaintiff here filed her charge with the Michigan Civil Rights Commission on August 1, 1975. Michigan law applicable at the time prescribed a ninety-day limitations period for charges filed with the Commission. Plaintiff filed her state charge seven and one-half months after the period began to run. Hence, even if it is found that plaintiff had 180 days within which to file with the state, her charge was nonetheless untimely. *Cf. Bonham v. Dresser Industries, Inc.*, 569 F.2d 187 (3d Cir.) *cert. denied*, 439 U.S. 821, 99 S.Ct. 87, 58 L.Ed.2d 113 (1978).

Accordingly for the reasons stated, IT IS ORDERED that plaintiff's case must be and is hereby DISMISSED.