Benjamin W. BROWNLOW, Plaintiff,

v.

EDGCOMB METALS COMPANY,
Defendant.

No. C83–361.

United States District Court,
N.D. Ohio, E.D.

Nov. 3, 1983.

Malcolm Douglas, Cleveland, Ohio, Richard Sullivan, Chagrin Falls, Ohio, for plaintiff.

Michael T. McMenamin, William Gorenc, Jr., Walter, Haverfield, Buescher & Chockley, Cleveland, Ohio, for defendant.

## MEMORANDUM OPINION AND ORDER

BATTISTI, Chief Judge.

The question in this case is whether Ohio is now a "deferral state" within the meaning of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 *et seq.* For the reasons outlined below, the Court holds that Ohio qualifies as a deferral state under 29 U.S.C. § 633(b), and as such deny defendant Edgcomb Metals Company's (Edgcomb) motion to dismiss for lack of subject matter jurisdiction.

Edgcomb has moved under Federal Rule of Civil Procedure 12(b)(1) to dismiss plaintiff Brownlow's complaint for lack of subject matter jurisdiction, based on Edgcomb's assertion that plaintiff's claim is time-barred. For purposes of Edgcomb's motion, we will construe this complaint in the light most favorable to the plaintiff and take plaintiff's allegations as true. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Westlake v. Lucas,* 537 F.2d 857 (6th Cir. 1976). This Court therefore accepts the following facts as true.

## I.

On February 10, 1982, plaintiff, who was then 55 years old, was discharged from his position as Manager of Stainless and Aluminum Products at Edgcomb's manufacturing and sales facility in Maple Heights, Ohio. On October 1, 1982, some 252 days after his discharge, plaintiff filed charges of age discrimination with both the Equal Employment Opportunity Commission (E.E. O.C.) and with the Ohio Civil Rights Commission (O.C.R.C.). Thereafter, on January 25, 1983, a date more than 60 days after the filing of such charges, plaintiff commenced this action in this court, contending that his discharge was in contravention of the ADEA.

On March 17, 1982, defendant responded with its present motion to dismiss for lack of subject matter jurisdiction. Specifically, defendant argues that plaintiff's claim was untimely under 29 U.S.C. § 626(d).[1] Arguing that Ohio was not a state covered by § 14 of the ADEA, 29 U.S.C. § 633(b)[2], defendant sought dismissal of plaintiff's claim on the ground that plaintiff's filing with the E.E.O.C. 252 days after his alleged unlawful discharge by Edgcomb deprived the court of jurisdiction under 29 U.S.C. § 626(d).

The present matter was thereafter assigned to U.S. Magistrate Perelman. On August 25, 1983 Magistrate Perelman issued a Report and Recommended Decision. Magistrate Perelman held that defendant's motion to dismiss should fail for either of two reasons. First, he held that the timeliness of plaintiff's complaint was not strictly a matter of subject matter jurisdiction but rather more in the nature of a statute of limitations, cf. *Kasimas v. Michigan Department of Mental Health*, No. 80–1735/6 (6th Cir. July 28, 1983), and as such was subject to the doctrine of equitable tolling under *Wright v. Tennessee*, 628 F.2d 949 (6th Cir.1980). Second, Magistrate Perelman held that it was unclear that Ohio was not to be considered a "deferral state" under 29 U.S.C. § 633(b). Based on those two points, Magistrate Perelman found that the lack of subject matter jurisdiction did not plainly appear on the face of plaintiff's complaint and recommended the denial of defendant's motion.

Defendant then filed timely objection to the Magistrate's Report and Recommendation, see *United States v. Walters*, 638 F.2d 947 (6th Cir.1981). The Court will now consider the Magistrate's Report and Recommended Decision along with all pleadings presented by the parties. 28 U.S.C. § 636(b)(1).

## II.

This court is called upon to determine whether legislation passed by the state of Ohio in 1979 satisfies § 14 of the ADEA, 29 U.S.C. § 633(b), namely, whether it is a "law prohibiting discrimination in employment because of age and establishing or authorizing a state authority to grant or seek relief from such discriminatory practice ...." If the 1979 amendments to Chapter 4112 of the Ohio Revised Code do indeed constitute the above-described state law, then plaintiff has satisfied the proce-

---

**1.** 29 U.S.C. § 626(d) (1976) states, in pertinent part:

No civil action may be commenced by an individual under this Section until sixty days after a charge alleging unlawful discrimination has been filed with the Secretary. Such a charge shall be filed—

  1. within one hundred and eighty days after the alleged unlawful practice occurred, or
  2. in a case to which section 633(b) of this title applies, within three hundred days after the alleged unlawful practice occurred, or within thirty days after receipt by the individual of notice of termination of proceedings under state law, whichever is earlier.

**2.** 29 U.S.C. 633(b) (1976) states, in pertinent part:

In the case of an alleged unlawful practice occurring in a state which has a law prohibiting discrimination in employment because of age and establishing or authorizing a state authority to grant or seek relief from such discriminatory practice, no suit may be brought under section 626 of this title before the expiration of sixty days after proceedings have been commenced under the state law, unless the proceedings have been earlier terminated....

dural requirements of the ADEA and his suit may proceed.

In its motion, defendant cited the Sixth Circuit decision of *Eklund v. Lubrizol Corp.*, 529 F.2d 247 (6th Cir.1976), where the Court held that the Ohio law in effect at that time prohibiting employment discrimination on account of age, Ohio Rev. Code § 4101.17,[3] did not satisfy 29 U.S.C. § 633(b) because the law neither established nor authorized a state agency to attempt to resolve disputes through compliance or to initiate administrative or judicial proceedings to secure compliance with the state's law. Reviewing the relevant Ohio statutes the Sixth Circuit found no section authorizing any Ohio agency to perform such functions and as such held that the time limitations of 29 U.S.C. § 626(d)(1) applied to plaintiff's claim.[4]

Defendant has also cited two district court decisions that considered whether Ohio was a § 633(b) state, *Moon v. Aeronca, Inc.*, 541 F.Supp. 747 (S.D.Ohio 1982), and *Volk v. Multi-Media, Inc.*, 516 F.Supp. 157 (S.D.Ohio 1981). The Court, however, finds neither case helpful in determining the issue before it today, because the *Volk* case dealt with the Ohio law prior to the 1979 amendments under consideration today and because the *Moon* case would have been barred under either a 180 or 300 day limitations period.

This court will now examine the newly enacted Ohio statutes as they apply to 29 U.S.C. § 633(b).

### III.

In 1979, Ohio amended its statutes concerning age discrimination in employment. Ohio Rev.Code § 4112.02 was amended to include age discrimination as an unlawful practice.[5] The section also provides methods by which an individual may enforce his rights to employment without basis in age. An individual believing him or herself to have been discriminated against on the basis of age may bring charges under either Ohio Rev.Code § 4101.17 or under Ohio Rev.Code § 4112.02(A). He may initiate a private suit in a court of competent jurisdiction, or may refer the charge to the Ohio Civil Rights Commission.[6] The Ohio Civil

---

3. At the time of the *Eklund* case, Ohio Rev.Code § 4101.17 stated as follows:

No employer shall refuse opportunity of interview for employment of applicants or discharge without just cause any employee between the ages of forty and sixty-five who are physically able to perform the duties and otherwise meet the established requirements of the industry and laws pertaining to the relationship between employer and employee.

Section 4101.17 was amended in certain respects in 1979 with respect to available remedies and the role of the Ohio Civil Rights Commission, *see, infra.*

4. It is interesting to note that the Supreme Court of Ohio interpreted the same sections of the Ohio Revised Code involved in *Elkund* and reached conclusions opposite to those of the Sixth Circuit in a case decided soon after the *Elkund* case. In *Fawcett v. G. Murphy & Co.*, 46 Ohio St.2d 245, 348 N.E.2d 144 (1978), the Supreme Court of Ohio held that no private cause of action for age discrimination in employment existed, in part because the Court construed § 4101.99(A) to provide for administrative and judicial enforcement of the section by the Ohio Department of Industrial Relations. Although the Supreme Court of Ohio has ultimate authority in construing Ohio law, it is unclear whether its interpretation or the Sixth Circuit's interpre-

tation of section 4101.17 would be dispositive for the purposes of 29 U.S.C. § 633(b). This problem need not be addressed, however, since changes in Ohio Rev.Code §§ 4101.17, 4112 point to the conclusion that the Ohio laws in effect at the time of plaintiff Brownlow's complaint independently satisfy the requirements of 29 U.S.C. § 633(b), *see infra.*

5. Ohio Rev.Code § 4112.02 (1981) provides:

It shall be an unlawful discriminatory practice:

(A) For any employer, because of race, color, religion, sex, national origin, handicap, age, or ancestry of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment.

6. Ohio Rev.Code § 4112.02(N) (1981) provides:

(N) An aggrieved individual may enforce his rights relative to discrimination on the basis of age as provided for in this section by instituting a civil action, within one hundred eighty days after the alleged unlawful practice occurred, in any court of competent jurisdiction for any legal or equitable relief that will effectuate his rights. A person who files a

Rights Commission is authorized to conduct investigations into alleged discriminatory practices, make determination that such practices have occurred, endeavor to eliminate such practices by informal methods of conference, conciliation, and persuasion, and issue complaints and hold hearings into alleged unlawful practices.[7]

Thus, one faced with discrimination employment based on age may resort to a number of means in attempting to remedy the discrimination. The Ohio statutory scheme must now be examined with respect to the federal statute providing for the procedures to be used in A.D.E.A. cases.

## IV.

Section 14(b) of the ADEA, 29 U.S.C. § 633(b), envisions the states undertaking a role in preventing age discrimination in employment. Where a state has a law prohibiting such discrimination and establishing or authorizing a state authority to grant or seek relief from an alleged discriminatory practice, the ADEA calls for a period of sixty days during which the E.E.O.C. will refrain from acting. This period's purpose is to cause as little interference as possible with the jurisdiction of the respective state agency. See H.R.Rep. No. 805, 90th Cong., 1st Sess. (1967), U.S.Code Cong. & Admin. News 1967, 2213.

The section has been interpreted by the federal courts to provide for attempts by state agencies to settle discriminatory matters informally. However, the initiation of state action is not intended to preempt the federal role. As clearly stated in the section, after a period of sixty days a party may look to the E.E.O.C. to attain relief under the ADEA if the state agency has not effectuated a result satisfactory to the complainant by that time. The federal role need not await conclusion of the state role. Indeed, the Supreme Court has held that timely filing with the relevant state agency under state law is not a prerequisite to federal action, *Oscar Mayer & Co. v. Ev-*

civil action under this division is, with respect to the practices complained of, thereby barred from instituting a civil action under section 4101.17 of the Revised Code or from filing a charge with the Ohio civil rights commission under section 4112.05 of the Revised Code.

7. Ohio Rev.Code § 4112.05 (1980), provides, in part:

(A) The Ohio civil rights commission shall, as provided in this section, prevent any person from engaging in unlawful discriminatory practices, as defined in sections 4112.02 and 4112.021 [4112.02.1] of the Revised Code, provided that before instituting the formal hearing authorized by this section it shall attempt, by informal methods of persuasion and conciliation, to induce compliance with Chapter 4112. of the Revised Code.

(B) Whenever it is charged in writing and under oath by a person, referred to as the complainant, that any person, referred to as the respondent, has engaged or is engaging in unlawful discriminatory practices, or upon its own initiative in matters relating to any of the unlawful discriminatory practices enumerated in division (A), (B), (C), (D), (E), (F), (I), or (J) of section 4112.02, or section 4112.021 [4112.021] of the Revised Code, the commission may initiate a preliminary investigation. Such charge shall be filed with the commission within six months after the alleged un-

lawful discriminatory practices are committed. If it determines after such investigation that it is not probable that unlawful discriminatory practices have been or are being engaged in, it shall notify the complainant that it has so determined and that it will not issue a complaint in the matter. If it determines after such investigation that it is probable that unlawful discriminatory practices have been or are being engaged in, it shall endeavor to eliminate such practices by informal methods of conference, conciliation, and persuasion.... If, after such investigation and conference, the commission is satisfied that any unlawful discriminatory practices of the respondent will be eliminated, it may treat the complaint as conciliated, and entry of such disposition shall be made on the records of the commission. If the commission fails to effect the elimination of such unlawful discriminatory practices and to obtain voluntary compliance with Chapter 4112. of the Revised Code ... the commission shall issue and cause to be served upon any person or respondent a complaint stating the charges in that respect and containing a notice of hearing before the commission, a member thereof, or a hearing examiner at a place therein fixed to be held not less than ten days after the service of such complaint.... The attorney general shall represent the commission at such hearing and present the evidence in support of the complaint....

*ans,* 441 U.S. 750, 758–64, 99 S.Ct. 2066, 2072–75, 60 L.Ed.2d 609 (1979).

In interpreting various state laws to determine whether they fit the definition contained in section 14(b), the various circuits have taken different approaches. The Sixth Circuit's approach has been straightforward. To satisfy § 14(b), the Sixth Circuit has held that two requirements must be met: (1) that the state has a law prohibiting age discrimination in employment, and (2) that there be a state agency authorized to seek relief for individuals suffering age discrimination. *Simpson v. Whirlpool Corp.,* 604 F.2d 997 (6th Cir.1979) (Kentucky is a "deferral state"); *Gabriele v. Chrysler Corp.,* 573 F.2d 949 (6th Cir. 1978), *vacated and remanded on other grounds,* 422 U.S. 908, 99 S.Ct. 2819, 60 L.Ed.2d 273 (1979) (Michigan is a "deferral state"). Once the court has determined that both a relevant state law and state agency with enumerated powers exist, the court has looked neither to the quantity nor quality of procedure or remedy available to the state agency. *See Goodman v. Heublein, Inc.,* 645 F.2d 127 (2d Cir.1981) (Connecticut is a "deferral state"); *Mizrany v. Texas Rehabilitation Commission,* 522 F.Supp. 611 (S.D.Texas 1981), *aff'd,* 685 F.2d 1384 (5th Cir.1982) (Texas is not a "deferral state"). Thus, Ohio now clearly qualifies as a "deferral" state under the Sixth Circuit precedent.

Rather than cease analysis at this point, however, the court feels compelled to address concerns raised by the First Circuit in *Hadfield v. Mitre Corp.,* 562 F.2d 84 (1st Cir.1977). In *Hadfield,* the First Circuit was faced with the construction of the Massachusetts state law concerning age discrimination. The district court construed the Massachusetts law to allow either a private cause of action or the institution of a complaint to the Massachusetts Commission Against Discrimination (MCAD) and held that as such that Massachusetts was not a "deferral" state. The First Circuit reversed. Although the court noted that it had implied in an earlier case that the existence of a private cause of action precluded a state from falling within § 14(b)'s purview, the First Circuit found the critical consideration in § 14(b) to be whether a state agency has been statutorily authorized to seek voluntary compliance. Finding that the Massachusetts scheme envisioned mediation by the MCAD before the MCAD initiated suit, the First Circuit held that Massachusetts was a "deferral" state.

As noted before, Ohio has established procedures that allow for an individual suffering from alleged age discrimination in employment the option of filing a complaint with the Ohio Court Rights Commission or bringing a private cause of action. Although this Court cannot determine the reason that the Ohio Legislature saw fit to establish such dual remedies, it is not the province of this Court to question the Legislature's motives. Rather, we are called upon only to determine whether Ohio's procedures satisfy 29 U.S.C. § 633(b).

■ This Court holds today that the existence of a dual remedy does not preclude it from finding Ohio to be a "deferral" state. The Supreme Court in *Oscar Mayer, supra,* held that while state procedures must be initiated, they need not even be addressed by the state agency to permit later federal action. Section 14(b) was enacted with the intent that state procedures be given a chance to achieve results, but at the same time that the varied and myriad approaches of the many states not stifle federal action. Once a state has a law and an agency meeting the standards of § 14(b), a party may utilize the time limitations found in 29 U.S.C. § 626(d)(2).

■ In the matter before the Court, Chapter 4112 satisfies the prerequisites of § 14(b), and therefore plaintiff's claim was timely filed. The Court notes that plaintiff did file this complaint simultaneously with the Ohio Civil Rights Commission under Chapter 4112, thus allowing the O.C.R.C. to use its explicitly enumerated conciliatory and mediatory powers to resolve plaintiff's matters. Plaintiff having filed with the O.C.R.C., the Court sees no added requirements to the institution of this suit. *Oscar*

*Mayer & Co. v. Evans,* 441 U.S. 750, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979).

Additionally, the Court notes that Michigan, like Ohio, allows a private action for age discrimination in employment in addition to any relief sought through the Michigan Civil Rights Commission. *Holmes v. Haughton Elevator Co.,* 404 Mich. 36, 272 N.W.2d 550 (1978); *Hillman v. Consumers Power Co.,* 90 Mich.App. 677, 282 N.W.2d 422 (Mich.App.1979). Since the Sixth Circuit has previously stated that Michigan is a "deferral state", *see Gabriele v. Chrysler Corp.,* 573 F.2d 949 (6th Cir.1978), *vacated and remanded on other grounds,* 422 U.S. 908, 99 S.Ct. 2819, 60 L.Ed.2d 273 (1979), the fact that a state allows a private cause of action for violations of a state law prohibiting age discrimination in employment in addition to the establishment of a state agency provided with powers to seek relief from such acts has no bearing on § 14(b). It necessarily follows that Ohio's additional procedures do not change the conclusion that Ohio is now a deferral state.

## V.

In his Report and Recommended Decision, Magistrate Perelman concluded as an alternative ground in denial of defendant's motion to dismiss that the facts of plaintiff's case might call for the doctrine of equitable tolling under *Wright v. Tennessee,* 628 F.2d 949 (6th Cir.1980). Because of the Court's conclusion today that Ohio is a "deferral" state results in a finding that plaintiff's claim was timely filed with the E.E.O.C. under 29 U.S.C. § 626(d), the Court declines to rule on the issue of equitable tolling as it relates to this case.

It is hereby ordered that defendant's motion to dismiss is denied.

IT IS SO ORDERED.