**John PERAZZO, Plaintiff,**

v.

**TOP VALUE ENTERPRISES, INC., Baldwin United Corporation, Defendants.**

**No. C–3–83–280.**

United States District Court, S.D. Ohio, W.D.

April 2, 1984.

Jeffrey A. Swillinger, Charles D. Lowe, Dayton, Ohio, for plaintiff.

Shauna K. Farquhar, Neil F. Freund, Dayton, Ohio, for defendants.

DECISION AND ENTRY SUSTAINING IN PART AND OVERRULING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; PLAINTIFF'S CLAIM FOR BONUS PAYABLE IN 1982 HELD STILL VIABLE BUT IN ABEYANCE; TRIAL DATE CANCELLED

RICE, District Judge.

This age discrimination claim, arising under the Age Discrimination in Employment Act (ADEA), 29 U.S.C.A. § 621, *et seq,*

comes before the Court on Defendants' Motion for Summary Judgment, filed pursuant to Fed.R.Civ.P. 56(a) (doc. # 7). In their Motion, the Defendants allege that Plaintiff's claim is barred by his failure to comply with the ADEA filing requirement, 29 U.S.C.A. § 626(d), in a timely fashion. Plaintiff argues that he effected compliance with the statutory filing requirements. However, Plaintiff contends, if the Court finds that he failed to timely comply with these requirements on a strict calendar basis, the Court should allow equitable tolling which would bar Defendants' Motion. Defendant contends that equitable tolling is not appropriate on the facts herein.

## I. FACTS

A review of the Plaintiff's Deposition and Affidavit, as well as the Affidavit by Kenneth A. Klatt (Klatt Affidavit), an employee of the Defendant, Top Value Enterprises, Inc., at all times relevant to this captioned cause, reveals the following pertinent facts:

After 23 years of employment with Top Value, Defendant retired on or about March 31, 1981, at the age of 62 or 63 (Plaintiff's Deposition at 3, 7 and 12). At one point in his career with Top Value, Plaintiff served as the Secretary of the company Retirement Board. (Plaintiff's Deposition at 9–10). At the time of his retirement, Plaintiff was Top Value's director of insurance and administration. (Plaintiff's Deposition at 54–55). In this capacity, Plaintiff knew about the Equal Employment Opportunity Commission (EEOC), and he knew of the existence of laws that proscribe age discrimination. (Plaintiff's Deposition at 65–66).

After hearing scuttlebutt about an employee stock option plan that was not offered to him, Plaintiff, beginning in August, 1980, repeatedly sought explanations from company officers and employees as to the details of the plan and the reason for his exclusion from the offer. The officers and employees that the Plaintiff contacted consistently refused to discuss the plan or to explain Plaintiff's exclusion from it. (Plaintiff's Deposition at 34–42). Plaintiff never participated in the plan.

Plaintiff also failed to receive a discretionary Presidential award in his bonus, payable in March, 1982, for his three months of work in 1981. (Plaintiff's Deposition at 21 and 58).

At all times relevant to this action, Defendant Top Value displayed at Plaintiff's workplace a standard-form ADEA poster which outlined employment practices proscribed by the ADEA and noted the need for prompt filing of written charges with the appropriate agency. (Klatt Affidavit, doc. # 13).[1]

In October or November, 1982, Plaintiff first contacted an attorney about the employment privileges denied to him. (Plaintiff's Deposition at 65). Plaintiff filed a charge of age discrimination with the EEOC on December 22, 1982 (Plaintiff's Deposition at 77 and Exhibit A), but Plaintiff did not file a complaint with the Ohio Civil Rights Commission. (Plaintiff's Deposition at 77).

On March 23, 1983, Plaintiff filed suit in this Court alleging that Defendants had discriminated against him on the basis of age in denying him stock option benefits and the bonus. (doc. # 1).[2]

---

1. Plaintiff in his deposition stated that he did not see this poster. (Plaintiff's Deposition at 68). He did not deny, however, that Top Value had displayed it.

2. This Court notes that the charge filed by Plaintiff with the EEOC, as well as the complaint filed in this action, alleged discrimination in the awarding of "bonuses". See Plaintiff's Deposition at 77 and 79 and Defendants' Exhibit A; doc. # 1 at 2–3. On the basis of Plaintiff's Deposition, see Plaintiff's Deposition at 73 and 79, the

Court infers that the plural usage of "bonuses" referred to the 1980 bonus payable in 1981 and the 1981 bonus payable in 1982. The Court concludes, however, from Plaintiff's description of the 1980 bonus as "paid", see Plaintiff's Deposition at 73 and 79, and his explanation of his current claim, see Plaintiff's Deposition at 58; Plaintiff's Affidavit, doc. # 11, that the only bonus claim remaining at issue concerns Plaintiff's 1981 bonus payable in 1982. Accordingly, the only bonus claim the Court considers is the

## II. SUMMARY JUDGMENT STANDARD

In ruling on Defendant's Motion for Summary Judgment, the court reviews supporting materials appropriate for consideration under Fed.R.Civ.P. 56(c) to determine if these materials "show that there is no genuine issue as to any material fact and that the Defendant is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Because the Defendant, the movant herein, bears the burden of demonstrating that no genuine issue as to any material fact exists, the Court construes the evidence presented in the supporting materials in a light most favorable to the Plaintiff, giving the Plaintiff the benefit of all favorable inference that may be drawn from this evidence. *See* 10A C. Wright, A. Miller, M. Kane, *Federal Practice and Procedure*, § 2727 at 124–125 (1983).

## III. ADEA FILING REQUIREMENTS

As a threshold filing requirement, the ADEA provides in pertinent part that:

No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Commission. Such a charge shall be filed—

(1) within 180 days after the alleged unlawful practice occurred; or

(2) in a case to which section 633(b) of this title applies, within 300 days after the alleged unlawful practice occurred.... 29 U.S.C.A. § 626(d)(1983 Supp.)

For purposes of Plaintiff's stock option claim, it is irrelevant whether the statutory filing period is 180 days or 300 days. However, the viability of the bonus claim, in the absence of tolling, depends upon the application of the 300 day statutory period. For this reason, the Court considers which statutory filing period applies in this case.

## A. STATUTORY PERIOD APPLICABLE TO OHIO

Satisfying the requirements of status as a deferral state under the ADEA triggers the application of the 300 day statutory period. *See* 29 U.S.C.A. § 626(d)(2) (1983 Supp.); 29 U.S.C.A. § 633(b) (1975). A deferral state is one "which has a law prohibiting discrimination in employment because of age and establishing or authorizing a state authority to grant or seek relief from such discriminatory practice...." 29 U.S. C.A. § 633(b)(1975). *See Simpson v. Whirlpool Corp.*, 604 F.2d 997, 999 (6th Cir.1979).

In *Eklund v. Lubrizol Corp.*, 529 F.2d 247 (6th Cir.1976), the Sixth Circuit held that Ohio did not qualify as a deferral state under § 633(b). *Id.* at 249. Following this decision, however, the 113th Ohio General Assembly amended § 4112.02(A) of the Ohio Revised Code to include age as a category protected by the state's employment discrimination laws. *See* 138 Laws of Ohio Amended House Bill No. 230(1979).

 In view of this amendment, this Court concludes that Ohio now meets the requirements of 29 U.S.C.A. § 633(b). Specifically, Ohio statutes prohibit, among other discriminatory practices, the type of age discrimination alleged by the Plaintiff herein. Ohio Rev.Code § 4112.02(A) provides that:

It shall be an unlawful discriminatory practice:

(A) For any employer, because of the ... age ... of any person, ... to discriminate against that person with respect to ... privileges of employment, or any matter directly or indirectly related to employment. *Id.*

In addition, the Ohio Civil Rights Commission, pursuant to Ohio Rev.Code § 4112.05, serves as the state agency empowered to seek relief for persons complaining of age-related employment discrimination. Based on the conclusion that

1981 bonus payable in 1982. At any rate, for the reasons stated in this ruling, a claim for the 1980 bonus payable in 1981 would neither be

timely under a strict construction of the ADEA filing requirement nor be appropriate for equitable tolling.

Ohio qualifies as a deferral state under the ADEA,[3] *see Brownlow v. Edgcomb Metals Company*, 573 F.Supp. 679, 684 (N.D. Ohio 1983); *Jim's Mobile Home Supply, Inc.*, No. C–3–82–769, slip op. at 3 (S.D. Ohio Dec. 28, 1983), this Court, accordingly, applies the 300 day statutory period in analyzing the timeliness of Plaintiff's filing.

## B. TIMELINESS OF PLAINTIFF'S FILING

In order to evaluate Defendant's contention that Plaintiff's complaint is time-barred by the terms of the ADEA filing requirement, 29 U.S.C.A. § 626(d) (1983 Supp.), the Court must first determine when the alleged unlawful practices occurred. Plaintiff complains that the company excluded him from a stock option plan offered to other company employees. *See, e.g.,* Plaintiff's Deposition 32, 36, 70–71, 80–81 and 84. Regardless of the date on which Top Value instituted the plan or the date on which Plaintiff knew that other employees had participated in the plan, Plaintiff's eligibility for participation in the plan ceased when his status as an employee ended at his retirement on or about March 31, 1981. Applying the latest date, that which most favors the Plaintiff, the Court concludes that the alleged discriminatory act concerning the stock options could not have occurred later than his retirement on or about March 31, 1981. Plaintiff filed his charge with the EEOC on December 22, 1982, well beyond 300 days from the date on which the alleged discriminatory practice occurred. Considering only the terms of the statute, Plaintiff's stock option claim is not timely.

With regard to Plaintiff's claim for the discretionary award of 15% of the potential $2,000 bonus ($300) based on Plaintiff's three months of employment in 1981, the Court concludes that this alleged discriminatory practice did not occur until the bonus became payable in March, 1982. Since any date in March, 1982, came within 300 days of Plaintiff's December 22, 1982 filing with the EEOC, this claim remains live. The Court notes that, under the terms of § 633(b), Plaintiff must file an appropriate complaint with the Ohio Civil Rights Commission before proceeding with his claim in federal court.[4] *See Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 753, 99 S.Ct. 2066, 2070, 60 L.Ed.2d 609 (1979); *Gabriele v. Chrysler Corp.*, 604 F.2d 996, 996–97 (6th Cir.1979), *citing Oscar Mayer & Co. v. Evans, id., Simpson v. Whirlpool Corp.*, 604 F.2d at 998, *citing Oscar Mayer & Co. v. Evans, id.*

Following the procedure used by other courts, this Court holds in abeyance Plaintiff's bonus claim until he has completed the state filing and waited the appropriate period. *See Oscar Mayer & Son v. Evans*, 441 U.S. at 764–65, 99 S.Ct. at 2075–2076; *Gabriele v. Chrysler Corp.*, 604 F.2d at 996–97; *Simpson v. Whirlpool Corp.*, 604 F.2d at 999; 29 U.S.C.A. § 633(b). In so doing, the Court overrules Defendant's Motion for Summary Judgment on the bonus claim.

---

**3.** For purposes of filing employment discrimination claims under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C.A. § 2000e–5(e), Ohio is also a deferral state. *See Hall v. Ledex, Inc.*, 669 F.2d 397, 398 (6th Cir.1982); *Jackson v. Ohio Bell Telephone Co.*, 555 F.Supp. 80, 82 (S.D. Ohio 1982).

**4.** Plaintiff's failure to file a complaint with the state agency within 300 days of the date on which the bonus became payable does not bar him from proceeding with this action after he completes the mandatory state filing, as long as the initial filing with the EEOC was timely made. See *Oscar Mayer & Son v. Evans*, 441

U.S. at 753 and 764, 99 S.Ct. at 2070 and 2075; *Reinhard v. Fairfield Maxwell, Ltd.*, 707 F.2d 697, 700–701 (2d Cir.1983). *Cf. Van Atta v. Kal-Aero, Inc.*, 555 F.Supp. 912, 916 (W.D.Mich. 1983) (In dictum, the Court said that "... the state proceeding *must* be brought, and the time limitations set by 626(d)(2) set the final deadline for proceedings.") Neither does Plaintiff's lack of timeliness in filing a complaint with the Ohio Civil Rights Commission bar his federal court claim. *See Oscar Mayer & Co. v. Evans*, 441 U.S. at 759, 99 S.Ct. at 2073; *Gabriele v. Chrysler Corp.*, 604 F.2d at 997; *Merkel v. Scovill, Inc.*, 570 F.Supp. 133, 137 (S.D. Ohio 1983).

## IV. EQUITABLE TOLLING OF ADEA FILING REQUIREMENTS

 Finding Plaintiff's stock option claim untimely on a strict calendar basis, the Court next considers whether equitable tolling should be applied to lift the bar of Plaintiff's untimeliness. Sixth Circuit courts may apply equitable tolling to the ADEA filing requirements. *See Wright v. State of Tennessee,* 628 F.2d 949, 953 (6th Cir.1980). *See also Brownlow v. Edgcomb Metals Corp.,* 573 F.Supp. at 680. In guiding a court on determining the appropriateness of tolling in a given case, the Sixth Circuit has said that a "thoughtful review of the factors to be taken into account is contained in a memorandum opinion by Judge Bownes in *Abbott v. Moore Business Forms, Inc.,* 439 F.Supp. 643 (D.N.H. 1977)." *Wright v. State of Tennessee,* 628 F.2d at 953. These factors include the following:

1. Lack of notice of the filing requirements;
2. Lack of constructive notice of the filing requirement;
3. Diligence in pursuing one's rights;
4. Absence of prejudice to the Defendant; and
5. Plaintiff's reasonableness in remaining ignorant of the notice requirement.

*See Abbott v. Moore Business Forms,* 439 F.Supp. at 646. *See also Moon v. Aeronca,* 541 F.Supp. 747 (S.D. Ohio 1982); *Volk v. Multi-Media, Inc.,* 516 F.Supp. 157 (S.D. Ohio 1981).

### A. ANALYSIS OF THE *ABBOTT v. MOORE* FACTORS

 In considering the first factor, the Court notes that the Defendant does not allege that the Plaintiff knew of the filing requirements before he contacted counsel concerning this age discrimination claim.

With regard to the constructive notice factor, the Court concludes that, although the Plaintiff did not see the poster which contained notices of the need to promptly assert discrimination claims, the Defendant Top Value did properly display the notice (Klatt Affidavit, doc. # 13). Thus, the Plaintiff had constructive notice of the filing requirement.

Plaintiff argues that he diligently pursued his rights by repeatedly attempting to ascertain the details of the stock option plan, and by contacting counsel and filing with the EEOC upon the payment of his bonus and the settlement of his then pending worker's compensation claim, (doc. # 11). The Court observes that the Plaintiff could have displayed greater diligence in protecting his rights by contacting counsel, *see, e.g., Volk v. Multi-Media, Inc.,* 516 F.Supp. at 161, or by seeking advice from agencies, such as the EEOC, when he began to suspect age discrimination a few months after his retirement. (Plaintiff's Deposition at 65). These confidential contacts could not have jeopardized either his bonus or his worker's compensation claim. Also, the Court notes that the Plaintiff candidly admitted in his deposition, when explaining why he waited so long before contacting an attorney, that it was his fault for waiting. (Plaintiff's Deposition at 73). Based on these observations, the Court concludes that Plaintiff exhibited less than convincing diligence in pursuing his rights.

Defendants aver that they would be prejudiced by equitable tolling of the filing requirement in that many of the persons Top Value employed during the period in which Plaintiff alleges discrimination have retired or left Top Value for other employment (doc. # 13, Klatt Affidavit). Thus, Plaintiff's lack of timeliness hampers Defendants' ability to prepare a defense.

The factor of Plaintiff's reasonableness in remaining ignorant of the notice requirement also works against the Plaintiff. As Top Value's director of insurance and, formerly, Retirement Board Secretary, Plaintiff surely had repeated exposure to the importance of timeliness generally in presenting claims and demands. The Court cannot ignore Plaintiff's professional background when it considers tolling the filing requirement. Therefore, the Court concludes that this factor does not benefit

Plaintiff in his opposition to the Defendants' Motion.

## B. EQUITABLE TOLLING DUE TO EMPLOYER MISCONDUCT

As Judge Porter demonstrated in *Volk v. Multi-Media,* the five factors considered above do not constitute the only potentially relevant factors in tolling the statutory filing requirement. *See Volk v. Multi-Media, Inc.,* 516 F.Supp. at 162. In the instant case, in ruling on Defendant's motion, the Court must consider Top Value's conduct.

Although the Sixth Circuit has not considered the employer's conduct in tolling the filing requirements of the ADEA, courts within the circuit have considered the employer's conduct in tolling the filing requirements under Title VII.[5] *E.g., Leake v. Univ. of Cincinnati,* 605 F.2d 255, 259 (6th Cir.1979); *Smith v. U.S. Postal Service,* 570 F.Supp. 1415, 1420 (E.D. Mich. 1983); *Jones v. Cassens Transport,* 538 F.Supp. 929, 932 (E.D.Mich.), *aff'd* 705 F.2d 454 (6th Cir.1982). In three Title VII cases, the Sixth Circuit has noted the absence of employer misconduct that prevented claimants from asserting their rights in a timely fashion. *See EEOC v. Chrysler Corp.,* 683 F.2d 146, 149 (6th Cir.1982); *Geromette v. General Motors Corp.,* 609 F.2d 1200, 1203 (6th Cir.1979); *cert. denied,* 446 U.S. 985, 100 S.Ct. 2967, 64 L.Ed.2d 841 (1980); *Wright v. State of Tennessee,* 613 F.2d 647, 649, vacated as wrongly deciding that equitable tolling does not apply to ADEA filing requirements, 617 F.2d 604 (6th Cir.1980).

The Court compares employer misconduct under Title VII to the case at bar in view of the fact that the Sixth Circuit refers to cases under both the ADEA and Title VII when applying the filing requirements of the similarly structured statutes.[6] *See Jones v. Air Co. Chemical Co.,* 691 F.2d 1200, 1202 (6th Cir.1982; *Morgan v. Washington Manufacturing Co.,* 660 F.2d 710, 712 (6th Cir.1981).

Employer misconduct which has justified tolling the filing requirements of Title VII has concerned conduct which has actively mislead the claimant. In *Leake v. University of Cincinnati,* 605 F.2d at 259, the employer assured the claimant that her continued voluntary negotiation would not time bar her claim. In *Jones v. Cassens Transport,* 538 F.Supp. at 935–942, the court tolled the Title VII filing requirement for women who were assured by their union agent of positions with an acquiring employer, but upon the takeover, the acquiring employer repeatedly denied the women the opportunity to bid on jobs given to male workers. These cases illustrate, not only misleading conduct,[7] but also a close nexus between the employer's lulling assurances and the claimant's failure to timely file. Although the Court believes that the Top Value officers and employees

---

**5.** In *Zipes v. TransWorld Airlines, Inc.,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), the Supreme Court held that timely filing of a Title VII charge of discrimination with the EEOC is subject to equitable tolling. *Id.* at 393, 102 S.Ct. at 1132.

**6.** This principle does not extend to the construction of the 300 day filing requirement in deferral states. The Supreme Court has interpreted § 706(c) and (e) of Title VII, 42 U.S.C.A. § 2000e-5(c) and (e), to require a complainant, in sequence, to *first* exhaust state proceedings and *then* to file with the EEOC. The latter filing must come within 300 days of the occurrence of the alleged discriminatory act. *See Mohasco Corp. v. Silver,* 447 U.S. 807, 817, 100 S.Ct. 2486, 2492, 65 L.Ed.2d 532 (1980). The ADEA 300 day EEOC filing provision requires a state filing, but, in contrast with Title VII, the state filing need not be made *prior* to the EEOC filing. *See Oscar Mayer & Co. v. Evans,* 441 U.S. at 759, 99 S.Ct. at 2073. Thus, an ADEA complaint may be timely if filed with the EEOC on the 300th day, regardless of whether or not the complaint had been filed first with the state agency. A Title VII complaint, on the other hand, would not be timely if filed with the EEOC on the 300th day without first having been exhausted in state proceedings.

**7.** One district court has concluded that the Sixth Circuit generally requires misleading conduct by an employer in order to toll Title VII filing requirements on the grounds of employer misconduct. *See Smith v. U.S. Postal Service,* 570 F.Supp. at 1420. *See generally, Reeb v. Economic Opportunity Atlanta, Inc.,* 516 F.2d 924, 926 (5th Cir.1975); *Graves v. University of Michigan,* 553 F.Supp. 532, 535 (E.D.Mich.1982).

acted unfairly and in bad faith in ignoring the Plaintiff's requests for information about the stock options, the Court concludes that Defendant's silence does not constitute the type of misleading conduct that tolls the filing requirement. As a corollary, the Court also fails to find a nexus between Top Value's conduct and Plaintiff's failure to make a timely filing. Unlike an employer's assurance, Top Value's silence in the face of Plaintiff's questions signaled, rather than obscured, discrimination. *See Earnhardt v. Comm. of Puerto Rico,* 691 F.2d 69, 71 (1st Cir.1982). Thus, upon Plaintiff acquiring enough facts from which he could infer a discriminatory practice, Plaintiff should have acted to protect his rights. *See Quillen v. U.S. Postal Service,* 564 F.Supp. 314, 320 (E.D. Mich.1983). *See also Graves v. University of Michigan,* 553 F.Supp. at 535; *Allotta v. Chase Manhattan Bank,* 547 F.Supp. 198, 200 (S.D.N.Y.1982). Accordingly, the Court declines to impose equitable tolling.

## V. CONCLUSION

Upon finding no genuine issue as to any material fact remaining on Plaintiff's stock option claim, the Court sustains Defendant's Motion for Summary Judgment on this claim. Judgment is to be entered for the Defendant on this claim.

The Clerk of Courts will enter judgment for Defendants on Plaintiff's stock option claim.

As aforesaid, the Plaintiff's claim for the 15% of the potential $2000 bonus for the three months he worked in 1981 payable in 1982, for a maximum total recovery of $300, is held in abeyance, pending the Plaintiff's filing of said claim with the appropriate state agency and waiting the requisite period of time. Following the filing of the claim and the expiration of the required waiting period, this Court should be notified and a pretrial conference will be held. At that time, or even before, Plaintiff's counsel should review this Court's decision with their client in order to determine whether he wishes, in the absence of a plan to ultimately appeal this decision, to pursue this $300 claim.

The Defendants' Motion for Summary Judgment on the bonus claim is, accordingly, overruled.

The trial date previously set for April 23, 1984, is vacated.