**John T. WRIGHT, Plaintiff-Appellant,**

v.

**STATE OF TENNESSEE et al.,**
**Defendants-Appellees.**

No. 77–1546.

United States Court of Appeals,
Sixth Circuit.

Argued June 4, 1980.

Decided Aug. 11, 1980.

---

11. *Id.* at 841.

J. Houston Gordon, Tual, Gordon, Tual, Forrester & Kuhn, Memphis, Tenn., for plaintiff-appellant.

Brooks McLemore, Atty. Gen. of Tennessee, Robert B. Littleton, Deputy Atty. Gen., Nashville, Tenn., for defendants-appellees.

Before EDWARDS, Chief Judge, WEICK, CELEBREZZE, LIVELY, ENGEL, KEITH, MERRITT, BROWN, KENNEDY, MARTIN and JONES, Circuit Judges.

LIVELY, Circuit Judge.

By a per curiam opinion filed January 24, 1980, a panel of this court affirmed the judgment of the district court dismissing Wright's action. *Wright v. Tennessee*, 613 F.2d 647 (6th Cir. 1980). Thereafter this court granted Wright's petition for rehearing and the appeal was reheard by the court *en banc*. The effect of the order granting rehearing *en banc* was to vacate the panel opinion and judgment of affirmance and to stay the mandate. Rule 14, Rules of the Sixth Circuit. Upon rehearing, the court concludes that the judgment of the district court must be reversed.

We adopt the following statement of the case from the panel opinion:

Plaintiff Wright appeals the District Court's dismissal of his suit alleging age discrimination in violation of the Fourteenth Amendment, 42 U.S.C. § 1983, and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* (1976) (ADEA).

On June 30, 1974, appellant Wright was "mandatorily" retired at age 59 from the Tennessee Wildlife Resources Agency, State of Tennessee, pursuant to Tenn. Code Ann. § 8–3905(b). On June 22, 1976, Wright filed suit in the United States District Court for the Western District of Tennessee alleging that his termination violated the Equal Protection Clause, 42 U.S.C. § 1983, and the ADEA.

Wright has two claims for relief: the first, a constitutional claim under the Fourteenth Amendment's Equal Protection Clause, a claim over which federal courts have jurisdiction by virtue of 28 U.S.C. § 1343 (1976); the second, a claim under the Age Discrimination Act, 29 U.S.C. § 623(a) (1976). 613 F.2d at 648.

The holding of the panel was set forth in the following three paragraphs of its per curiam opinion:

■ With respect to the equal protection claim, the District Court correctly held that it is time-barred. There is no applicable federal statute imposing a limitations period on constitutional claims. Therefore, the appropriate state statute is used. See 28 U.S.C. § 1652 (1976); 42 U.S.C. § 1988 (1976); Electrical Workers v. Robbins & Myers, Inc., 429 U.S. 229, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976); Warner v. Perrino, 585 F.2d 171 (6th Cir. 1978). This court has held that Tennessee's one-year statute, Tenn.Code Ann. § 28–304, provides the applicable limitations period for the type of constitutional claim asserted here. See Harrison v. Wright, 457 F.2d 793 (6th Cir. 1972). Since plaintiff's claim arose more than a year before suit was brought, the claim is barred.

■ Plaintiff's claim under the Age Discrimination Act is also time-barred. Plaintiff was terminated on June 30, 1974, two months after the Act became applicable to units of state government. See 29 U.S.C.A. § 630(b) and notes thereto and the notes appended to 29 U.S.C.A. § 202.

The District Court properly ruled that it lacked jurisdiction to hear plaintiff's Age Discrimination in Employment Act claim. 29 U.S.C. § 626(d)(1) requires that, "within one hundred and eighty days after the alleged unlawful practice occurred," potential age discrimination plaintiffs must notify the Secretary of Labor that they intend to file suit. In the absence of timely notice to the Secretary, § 626(d) provides that "[n]o civil action may be commenced." Plaintiff did not inform the Secretary of his plan to bring suit until March 25, 1975, more than 180 days after the allegedly discriminatory termination of his employment had taken place. Id.

I.

■ In his supplemental brief to the en banc court, Wright argues that the panel decision of this court "incorrectly viewed the equal protection claim as synonymous with the Section 1983 claim." There were allegations in the complaint that the State's mandatory retirement provisions violated the due process and equal protection guarantees of the Fourteenth Amendment. However, the complaint contained no statement of a jurisdictional basis for "direct" or "independent" constitutional claims apart from those encompassed in the Section 1983 claim. Assuming the existence of a Bivens (Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)) type cause of action for Fourteenth Amendment violations, the complaint in the present case did not set forth a jurisdictional basis for such a claim. As Mr. Justice Harlan pointed out in his concurring opinion in Bivens, jurisdiction for Section 1983 claims is based on 28 U.S.C. §§ 1343(3) and 1343(4) while a claim directly under the Constitution is authorized by 28 U.S.C. § 1331(a). 403 U.S. at 398–99, 91 S.Ct. at 2005–06.

Construed liberally, the complaint stated a claim for constitutional violations under Section 1983 only. The panel decision correctly held that this claim was barred by the applicable Tennessee one year statute of limitations.

## II.

Both the district court and the panel of this court concluded that Wright had failed to comply with a jurisdictional provision of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 *et seq.* (ADEA or the Act). Section 7(d) of the Act, 29 U.S.C. § 626(d), provides in part as follows:

(d) No civil action may be commenced by any individual under this section until the individual has given the Secretary not less than sixty days' notice of an intent to file such action. Such notice shall be filed—

(1) within one hundred and eighty days after the alleged unlawful practice occurred, or . . . ..

It is undisputed that the required notice to the Secretary of Labor was not given within 180 days after Wright's termination. However, before the district court, Wright argued that the 180-day period was tolled for several reasons:

first, upon equitable grounds, since the Act had been in effect with respect to State employees only two months at the time of plaintiff's discharge and plaintiff was unaware of its applicability; second, that the defendants are guilty of continuous discrimination which should toll the 180-day period; and third, that the defendant employer's failure to post notices of the Act in violation of 29 U.S.C. Section 627 tolled the period.

Order of the district court (unpublished), July 26, 1977.

The district court held that each of the grounds asserted by Wright had been considered and rejected by this court in *Hiscott v. General Electric Co.*, 521 F.2d 632 (6th Cir. 1975), and *Eklund v. Lubrizol Corp.*, 529 F.2d 247 (6th Cir. 1976). *See also, Rucker v. Great Scott Supermarkets*, 528 F.2d 393 (6th Cir. 1976). The panel of this court which considered the appeal agreed, stating, "Unless an *en banc* panel of this court overrules the *Hiscott* decision, we are compelled to apply the *Hiscott* holding to the facts of this case." *Wright v. Tennessee, supra*, 613 F.2d at 649.

## III.

In *Hiscott, supra*, we squarely held that the 180-day notice requirement of § 626(d)(1) is "jurisdictional" and further stated, "We find nothing in the Act nor in its legislative history to indicate that compliance with the notice provision was intended to be tolled or excused by the employer's failure, as here, to post the informational notices." 521 F.2d at 634. In *Eklund, supra*, this court followed its holding in *Hiscott* that the 180-day notice requirement is jurisdictional and that the employer's failure to post required notices does not excuse an employee's failure to comply with the time requirement for notifying the Secretary of Labor of an intent to sue. Judge McCree dissented in *Eklund*, arguing that the notice provisions should be treated as a "statutory prerequisite" rather than a "jurisdictional" requirement "in the sense that noncompliance with them would deprive a court of its power to entertain a suit." 529 F.2d at 250.

Almost from the time of *Hiscott's* release, this court has shown a concern with the harshness of the rule. In fact, in *Eklund, supra*, Judge Celebrezze, writing for the majority, stated, "For the reasons enumerated we do not believe that the facts of this case warrant equitable relief for Appellant." 529 F.2d at 250. This is a clear indication that despite its adherence to the *Hiscott* finding of a jurisdictional requirement, the *Eklund* majority at least explored the possibility of tolling the 180-day notification requirement for equitable reasons. In two cases dealing with 29 U.S.C. § 626(d)(2), which provides a 300-day notification period where the alleged act of discrimination occurs in a so-called "deferral state," this court declined to treat the notice requirement as a truly jurisdictional prerequisite to a legal action. *See Gabriele v. Chrysler Corp.*, 573 F.2d 949 (6th Cir. 1978), *vacated and remanded on other grounds*, 442 U.S. 908, 99 S.Ct. 2819, 61 L.Ed.2d 273 (1979); *Ewald v. Great Atlantic & Pacific Tea Co.*, 620 F.2d 1183 (6th Cir. 1980).

In relaxing our view of the notice requirements of § 626(d) we are in step

with other circuits which have considered the matter. *See Dartt v. Shell Oil Co.*, 539 F.2d 1256 (10th Cir. 1976), *aff'd by equally divided court*, 434 U.S. 99, 98 S.Ct. 600, 54 L.Ed.2d 270 (1977); *Bonham v. Dresser Industries, Inc.*, 569 F.2d 187, 192–93 (3d Cir. 1977), *cert. denied*, 439 U.S. 821, 99 S.Ct. 87, 58 L.Ed.2d 113 (1978); *Kephart v. Institute of Gas Technology*, 581 F.2d 1287 (7th Cir. 1978); *Nielsen v. Western Electric Co.*, 603 F.2d 741 (8th Cir. 1979); *Coke v. General Adjustment Bureau*, 616 F.2d 785 (5th Cir. 1980). Though *Hiscott* was decided on the basis of a thorough and conscientious review of the legislative history and district court decisions then available, subsequent events and experience with hardship cases have convinced us that it was wrongly decided. Accordingly, we overrule this court's previous decisions in *Hiscott v. General Electric Co., supra; Eklund v. Lubrizol Corp., supra* ; and *Rucker v. Great Scott Supermarkets, supra*, to the extent they hold the 180-day or 300-day periods for notice to the Secretary of Labor establish jurisdictional requirements, and that failure to comply with these requirements deprives a district court of the power to entertain a claim under the ADEA. Instead, we adopt the construction of § 626(d) that while giving the Secretary of Labor at least 60 days notice is a jurisdictional prerequisite, the time of filing this notice is not jurisdictional. *See Ewald v. Great Atlantic & Pacific Tea Co., supra*, p. 1188; *cf. Reeb v. Economic Opportunity Atlanta, Inc.*, 516 F.2d 924, 926 n. 2 (5th Cir. 1975).

Our conclusion is reinforced by the 1978 "Joint Explanatory Statement of the Committee of Conference" which relates to amendments to the ADEA. This report contains the following statement with respect to the 180-day notice requirement, which was retained in the amended version:

> The conferees agree that the "charge" requirement is not a jurisdictional prerequisite to maintaining an action under the ADEA and that therefore equitable modification for failing to file within the time period will be available to plaintiffs under this Act. See, e. g., *Dartt v. Shell Oil Co.*, 539 F.2d 1256 (10th Cir. 1976), *aff'd by an evenly divided court*, 434 U.S. 99,

98 S.Ct. 600, 54 L.Ed.2d 270 (1977); *Bonham v. Dresser Industries, Inc.*, 569 F.2d 187 (3rd Cir. 1977); *Charlier v. S. C. Johnson & Son, Inc.*, 556 F.2d 761 (5th Cir. 1977) [1978]. Conf.Rep.H.R.Rep. No. 95–950, 95th Cong., 2d Sess., p. 12 (1978), U.S.Code Cong. & Admin.News 1978, pp. 504, 534.

## IV.

Two of the arguments for tolling the 180-day period presented to the district court by Wright involve equitable considerations—the fact that the Act had been in effect for state employees for only two months when he was discharged and that the employer had failed to post notices of the Act. Since this action was dismissed by the district court for lack of jurisdiction, the plaintiff had no opportunity to develop his claims for equitable relief from the 180-day provision. Accordingly, on remand the district court will conduct a hearing on the issue of equitable tolling. A thoughtful review of the factors to be taken into account is contained in the memorandum opinion of Judge Bownes in *Abbott v. Moore Business Forms, Inc.*, 439 F.Supp. 643 (D.N.H.1977).

The judgment of the district court is reversed and the cause is remanded for further proceedings. The appellant will recover his costs on appeal.