802 F.2d 456
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
DAVID CARNEY, Plaintiff-Appellant
v.
A.A. BIRCH, JUDGE; MIKE LEACH; ANTHONY N. BOWERS;
STERLING GRAY; HAROLD McDONOUGH; AND WILLIAM
AMBROSE, Defendants-Appellees.
 No. 85-5965.
 United States Court of Appeals, Sixth Circuit.
 Aug. 12, 1986.
 
 1
 BEFORE: ENGEL and GUY, Circuit Judges; and SUHRHEINRICH, District Judge*
 
 ORDER
 
 2
 The plaintiff moves for counsel on appeal from the district court's order dismissing his civil rights case. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record and the plaintiff's informal brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 The plaintiff is currently in prison at the Tennessee State Prison in Nashville, Tennessee. The defendants are two police officers, two prosecutors, a judge, and a private attorney from the Nashville area who were involved in the plaintiff's criminal conviction and subsequent post-conviction relief proceedings. The plaintiff alleges a conspiracy on the part of the defendants to violate various of his constitutional rights.
 
 
 4
 The district court held that the claim against the police officers was barred by the appropriate statute of limitations. 4A Tenn. Code Anno. Sec. 28-3-104; Wilson v. Garcia, --- U.S. ----, 105 S.Ct. 1938, 1947 (1985); Wright v. State of Tennessee, 628 F.2d 949, 951 (6th Cir. 1980) (en banc). The court also held that the prosecutors and the judge were absolutely immune from a suit for damages. Imbler v. Pachtman, 424 U.S. 409, 420 (1976); Stump v. Sparkman, 435 U.S. 349, 355-56 (1978). Finally, the court held that there was no state action on the part of the private, court-appointed attorney. Mulligan v. Schlachter, 389 F.2d 231, 233 (6th Cir. 1968) (per curiam). We agree with these conclusions of the district court.
 
 
 5
 The plaintiff argues that his conspiracy allegations extend the time for filing against the police officers and establish state action on the part of the private attorney. The general rule is that a pleading is not sufficient if the allegations are but conclusions. Place v. Shepherd, 446 F.2d 1239, 1244 (6th Cir. 1971). The factual allegations in the plaintiff's complaint do not connect the police officers to the subsequent post-conviction relief proceedings. Nor do they show a conspiracy between the judge and the private attorney during those proceedings. So these arguments are without merit.
 
 
 6
 The motion for the appointment of counsel is denied. The order of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.
 
 
 
 *
 The Honorable Richard F. Suhrheinrich, U.S. District Judge for the Eastern District of Michigan, sitting by designation