816 F.2d 682
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joseph William PRIVETT, Plaintiff-Appellant,
v.
Nevin TRAMMELL, Jr.; Mary R. Walker; Ed Hoover; Charles
M. Traughber; Linda K. Miller; Mike Bradley; Miranda
Evans; Pat McCullough; Lt. Wilkinson; Abba Industries;
and Eugene Barksdale, Defendants-Appellees.
 No. 85-6042.
 United States Court of Appeals, Sixth Circuit.
 April 10, 1987.
 
 1
 Before WELLFORD and NORRIS, Circuit Judges, and COHN, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's informal brief, this panel agrees unanimously that oral argument is not necessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 Appellant, while imprisoned at the West Tennessee Reception Center, Memphis, Tennessee, filed a civil rights action pursuant to 42 U.S.C. Sec. 1983 against the members of the Tennessee Board of Parole and several of its employees. By that action, appellant alleged eleven constitutional violations of his civil rights. Primarily, the alleged violations arise from his extradition to Tennessee in 1981 and 1983 and the denial and revocation of his parole by the Tennessee Parole Board in those same two years. Upon consideration by the Magistrate, a report and recommendation was entered recommending dismissal of appellant's action as frivolous within 28 U.S.C. Sec. 1915(d). Over appellant's objections, the report of the Magistrate was adopted and appellant's action dismissed by the district court.
 
 
 4
 Having reviewed the arguments of the parties, the record and the applicable law, we conclude that appellant's action was properly dismissed. Appellant can prove no set of facts entitling him to relief. Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir.1985), cert. denied, 106 S.Ct. 788 (1986). Appellant's claims arising prior to April 13, 1983, are barred by the applicable one-year state statute of limitations found in Sec. 28-3-104(a) of the Tennessee Code. Wright v. Tennessee, 628 F.2d 949, 951 (6th Cir.1980). Those claims arising from appellant's extradition to Tennessee in May of 1983 fail to state a recoverable claim for illegal arrest or cruel and unusual punishment. As the record reveals that officers Bradley and McCollough had probable cause to arrest appellant, their failure to display a fugitive arrest warrant prior to extraditing appellant, if true, is not actionable under Sec. 1983. Pierson v. Ray, 386 U.S. 547, 555 (1967). Nor do the temporary discomforts of appellant's brief plane flight rise to the level of a constitutional violation. Rhodes v. Chapman, 452 U.S. 337 (1981). Appellant's allegations regarding jail conditions in Delaware and Florida, likewise fail to state a recoverable claim in that no corrections officials from either of those states have been made a parties to this action.
 
 
 5
 With regard to the parole revocation hearing of June 14, 1983, no due process violation resulted from the Board's consideration of the sheriff's department letter. Appellant, by his pleadings, acknowledges that he was convicted of assault with intent to commit sexual battery based upon an outstanding charge of assault with intent to commit rape pending at the time of the hearing. As this pending charge is clearly sufficient to justify revoking appellant's parole, see Steinberg v. Police Court of New Albany, 610 F.2d 449, 451-52 (6th Cir.1979), no constitutional violation can be proven. The refusal of the Board to give appellant a copy of sheriff's letter is not a violation of appellant's civil rights. Due process requirements attendant to parole revocation hearings do not require that appellant receive a written copy of evidence submitted against him. See Morissey v. Brewer, 408 U.S. 471, 487 (1972). Nor do the statutes of Tennessee. Tenn.Code Ann. Secs. 40-28-121(d) and 40-28-122.
 
 
 6
 Appellant's claims of slander and invasion of privacy, while possibly tort actions under state law, implicate no constitutionally protected right. Paul v. Davis, 424 U.S. 693 (1976); J.P. v. DeSanti, 653 F.2d 1080, 1088-90 (6th Cir.1980). As appellant's claim for 21 days of jail time credit essentially changes the legality of his confinement, it was properly dismissed without prejudice for future action by writ of habeas corpus. Hadley v. Werner, 753 F.2d 514, 516 (6th Cir.1985).
 
 
 7
 Accordingly, the final judgment of the district entered November 1, 1985, is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Avern Cohn, U.S. District Judge for the Eastern District of Michigan, sitting by designation