871 F.2d 1087
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Khalil-Ullah AL-MUHAYMIN, Plaintiff-Appellant,
v.
Tony R. YOUNG; David Russell; Gary Wix; MacFarland,
Lieutenant; Lloyd, Lieutenant; Roas Johnson; Louie Kirby;
Louus Holiday; Roger Bickle; Brenda Morrison, Captain;
Michael Dutton; Harvil McCrary, Lt.; Raymond Pugh;
Charles Tracy; William A. Atkinson; Thomas Emery, Lt.;
Jack Morgan; Jerry Jeter, Cpl; Narman Van Dame; Charles
Embry; Herb Murphy; Mike Stone; Hugh Crawford; Les
Harrison; John Wagner; Jerry Morris; James Anderson,
Defendants-Appellees.
 No. 88-6013.
 United States Court of Appeals, Sixth Circuit.
 March 24, 1989.
 
 Before MERRITT and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Khalil-Ullah Al-Muhaymin appeals the district court's dismissal of his cause of action filed pursuant to 42 U.S.C. Secs. 1983, 1985 and 1986. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Al-Muhaymin, a Tennessee state prisoner, brought suit against the warden of the Tennessee State Prison and twenty-six employees of the Tennessee Department of Corrections. He alleged numerous constitutional deprivations occurring as the result of a conspiracy on the part of defendants. This conspiracy, according to Al-Muhaymin, was evidenced by his appearance before the prison disciplinary board on twenty occasions between January 2, 1985, and December 20, 1985. The record reveals that Al-Muhaymin filed his complaint with the district court on August 23, 1988.
 
 
 3
 The district court dismissed the complaint pursuant to 28 U.S.C. Sec. 1915(d) because the complaint was outside the appropriate statute of limitations. Upon review, we find no error.
 
 
 4
 The appropriate statute of limitations for this action is the one year limitation period established by Tenn.Code Ann. Sec. 28-3-104. Wright v. Tennessee, 628 F.2d 949, 951 (6th Cir.1980).
 
 
 5
 The complaint was filed approximately one year and eight months after the alleged constitutional deprivations. Under these circumstances, the district court correctly ruled that the suit is barred.
 
 
 6
 Accordingly, the judgment of the district court is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.