57 F.3d 1070
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Richard W. SIMON; Sidney Porterfield; Terry L. King;
Rocky Lee Coker, Plaintiffs-Appellants,
Philip Workman, et al., Plaintiffs,
v.
Steve NORRIS; Tony R. Young; Michael Dutton; Lamar
Alexander; Ned McWherter, Defendants-Appellees.
 No. 94-5675.
 United States Court of Appeals, Sixth Circuit.
 June 16, 1995.
 
 Before: MERRITT, Chief Judge; BROWN and MARTIN, Circuit Judges.
 
 ORDER
 
 1
 Four attorney represented Tennessee prisoners appeal a district court grant of summary judgment for defendants in this civil rights action filed under 42 U.S.C. Sec. 1983. The parties have waived oral argument, and this court agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiffs filed individual complaints in the district court alleging that the conditions of their confinement on Tennessee's death row then located at the Tennessee State Penitentiary were unconstitutional. Plaintiffs named the defendant Tennessee Governor and state prison officials in their individual and official capacities and sought compensatory and punitive damages. Subsequently, the district court consolidated the cases and appointed counsel for plaintiffs, and counsel filed an amended complaint. Thereafter, defendants moved for summary judgment, and plaintiffs responded in opposition. The district court granted summary judgment for defendants. Four of the plaintiffs filed a notice of appeal pro se, and the district court granted plaintiffs leave to appeal in forma pauperis. This court granted plaintiffs' motion for counsel.
 
 
 3
 On appeal, counsel for plaintiffs specifically waives oral argument and contends that plaintiffs are entitled to injunctive relief and money damages under Sec. 1983. Defendants also specifically waive oral argument and assert that the district court properly granted them summary judgment on the basis of qualified immunity. Upon consideration, the judgment will be affirmed because defendants are entitled to qualified immunity from plaintiffs' claims for money damages.
 
 
 4
 A grant of summary judgment will be reviewed de novo on appeal. Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991). Generally, summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to [a] judgment as a matter of law." Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988) (quoting Fed.R.Civ.P. 56(c)). Only factual disputes which may have an effect on the outcome of a lawsuit under substantive law are "material." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To be "genuine," a dispute must involve evidence upon which a jury could find for the nonmoving party. Id. The burden is upon the moving party to show that "there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Thereafter, the nonmoving party must present significant probative evidence in support of the complaint to defeat the motion. Anderson, 477 U.S. at 249-50. The nonmoving party is required to show more than a metaphysical doubt as to the material fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Here, summary judgment for defendants was proper.
 
 
 5
 Government officials performing discretionary functions generally are shielded from liability for money damages under Sec. 1983 insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Initially, the courts should determine whether plaintiffs have stated a cause of action against the defendants cognizable under Sec. 1983 before addressing the issue of qualified immunity. See Black v. Parke, 4 F.3d 442, 445-46 (6th Cir.1993). If so, the qualified immunity analysis turns upon the objective legal reasonableness of the defendants' actions assessed in light of the legal rules which were clearly established at the time of the alleged violation. Harlow, 457 U.S. at 818-19; Long v. Norris, 929 F.2d 1111, 1114-15 (6th Cir.), cert. denied, 502 U.S. 863 (1991). Objective reasonableness depends upon a fact specific determination of whether plaintiffs' rights were so clearly established that any officials in defendants' position would understand that plaintiffs' rights were violated. See Anderson v. Creighton, 483 U.S. 635, 640 (1987). Whether a right was clearly established depends upon federal law existing at the time of the alleged violation. Rodgers v. Jabe, 43 F.3d 1082, 1085 (6th Cir.1995). Ordinarily, a district court must find binding precedent by the Supreme Court, its court of appeals or itself before a clearly established constitutional right may be found. Id. at 1086 (quoting Black, 4 F.3d at 445). A district court's determination that qualified immunity is or is not applicable is a question of law which this court reviews de novo. Walton v. City of Southfield, 995 F.2d 1331, 1335 (6th Cir.1993).
 
 
 6
 Here, plaintiffs stated a claim against defendants cognizable under Sec. 1983. The district court properly characterized plaintiffs' claim as one that twenty-two conditions of their confinement on death row alone or in combination violated their Eighth Amendment rights. See Wilson v. Seiter, 501 U.S. 294, 303-05 (1991). Significantly, plaintiffs' claim is limited to a period beginning one year before the initial complaint was filed in this case on June 11, 1986, because Tennessee's one-year statute of limitations found in Tenn.Code Ann. Sec. 28-3-104(a) operates to bar any earlier claim under Sec. 1983. See Sevier v. Turner, 742 F.2d 262, 272 (6th Cir.1984); Wright v. Tennessee, 628 F.2d 949, 951 (6th Cir.1980) (en banc). The district court noted that the period ended during the fall of 1989 when plaintiffs were transferred to a newly constructed facility housing death row.
 
 
 7
 To establish an Eighth Amendment deprivation, plaintiffs must show specific conditions of confinement alone or in combination so serious as to deny them minimal civilized necessities and that prison officials acted wantonly or with deliberate indifference. Wilson, 501 U.S. at 298-303. In this case, plaintiffs alleged that defendants wantonly or with deliberate indifference subjected them to conditions of confinement similar to those found unconstitutional in the entire Tennessee prison system in a class action lawsuit prosecuted on behalf of all Tennessee inmates in Grubbs v. Bradley, 552 F.Supp. 1052 (M.D.Tenn.1982). Thus, plaintiffs stated a claim upon which relief can be granted under Sec. 1983. Nonetheless, defendants are entitled to qualified immunity from plaintiffs' claims for money damages.
 
 
 8
 The district court properly noted that the law applicable to plaintiffs' claim was in a state of flux during the pertinent period. As noted, the conditions of confinement in all Tennessee prisons were found unconstitutional in a class action lawsuit in which only declaratory and injunctive relief was sought on behalf of all Tennessee inmates (including plaintiffs herein) in Grubbs. However, the district court noted that the conditions addressed in Grubbs which were applicable to death row inmates appear to be limited to issues of food sanitation, protection of inmates from violent attack, and medical care for inmates. See Grubbs, 552 F.Supp. at 1070-87. Moreover, a separate lawsuit concerning conditions of confinement on Tennessee's death row was certified as a class action on behalf of all Tennessee death row inmates (including plaintiffs herein) in 1984, and the conditions of confinement on death row were found unconstitutional in 1985. See Groseclose v. Dutton, 609 F.Supp. 1432 (M.D.Tenn.1985). However, that decision was vacated by this court on appeal, and the case was remanded to the district court with instructions for consolidation with the ongoing Grubbs litigation. Groseclose v. Dutton, 829 F.2d 581, 584-85 (6th Cir.1987). Also, this court determined that the district court improperly analyzed plaintiffs' Eighth Amendment cruel and unusual punishment claim under a "totality of the circumstances" test subsequently rejected by this court in Walker v. Mintzes, 771 F.2d 920 (6th Cir.1985). Id. at 585. Ultimately, the Grubbs litigation culminated in a finding that the Tennessee prison system was "completely rehabilitated." Grubbs v. Bradley, 821 F.Supp. 496, 498 (M.D.Tenn.1993). Further, the review applicable to prisoners' claims that the conditions of their confinement violate the Eighth Amendment was not decided until the Supreme Court's decision in Wilson in 1991.
 
 
 9
 Under the circumstances of this case, the district court correctly concluded that defendants are entitled to qualified immunity from plaintiffs' claims for money damages. Essentially, no precedent existed at the pertinent times which would render clearly established plaintiffs' constitutional right to confinement under different circumstances. Although the Grubbs court found conditions in the Tennessee prisons unconstitutional, the conditions affecting death row inmates were limited to general complaints regarding food sanitation, protection of inmates from violent attack, and medical care for inmates, none of which alone or in combination rise to the level of a constitutional deprivation. Therefore, it cannot be concluded that officials in defendants' position would understand that plaintiffs' clearly established Eighth Amendment rights were violated. Accordingly, summary judgment for defendants on the basis of qualified immunity was proper.
 
 
 10
 Finally, we note that plaintiffs argue on appeal that specific instances of deprivations of death row prisoners' constitutional rights were not addressed by the district court. Specifically, plaintiffs' contend that there were repeated cases of food poisoning involving death row inmates, that appellant King "had to seek the services of an outside private surgeon for a major knee surgery operation which Appellees deliberately ignored" and that "Appellant and death row inmate James William Barnes in fact died as a result of the inadequate medical treatment." However, review of the district court record does not support plaintiffs' contention that these specific claims were asserted in the district court. Indeed, the district court correctly noted the absence of specific allegations of constitutional deprivations in plaintiffs' opposition to defendants' motion for summary judgment. Moreover, while these allegations are serious, they otherwise are unsupported on appeal or in the district court record. Accordingly, these specific claims will not be considered in the first instance on appeal. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993).
 
 
 11
 For the foregoing reasons, the judgment of the district court is affirmed.