60 F.3d 828
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Walter HALL, Plaintiff-Appellant,
v.
STATE OF TENNESSEE; Frank Cochran, Chairman; Keith Bissell,
Commissioner; Steve Hewlett, Commissioner; Paul
Allen, Executive Director; and Tennessee
Public Service Commission,
Defendants-Appellees.
 No. 94-5749.
 United States Court of Appeals, Sixth Circuit.
 June 27, 1995.
 
 Before: BOGGS and NORRIS, Circuit Judges; and SPIEGEL, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Walter Hall appeals a judgment dismissing his 42 U.S.C. Sec. 1983 action against the State of Tennessee, the Tennessee Public Service Commission, and various officers of the Commission. The district court granted defendants' motion for summary judgment and dismissed Hall's complaint because he failed to file within the applicable statute of limitations. For the reasons set out below, we affirm.
 
 
 2
 * On February 5, 1993, Hall, an employee of the Tennessee Public Service Commission, received a termination letter from the Commission. The letter was dated and sent by mail February 2; Hall received it February 5. The letter informed Hall that he was being "terminated effective ten days from the date of this letter." Therefore, Hall's employment ceased on February 12, 1993. Hall filed his action under 42 U.S.C. Sec. 1983 on February 10, 1994.
 
 
 3
 This court reviews de novo the district court's grant of defendants' motion for summary judgment. Baggs v. Eagle-Picher Indus., Inc., 957 F.2d 268, 271 (6th Cir.), cert. denied, 113 S. Ct. 466 (1992). This court must affirm the district court only if it determines that the pleadings, affidavits, and other submissions show "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When evaluating this appeal, this court must view the evidence in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).
 
 II
 
 4
 Neither party disputes the timing of the termination, the notice, and the filing of the suit, as outlined above. Neither party disputes that the appropriate statute of limitations for a claim brought under section 1983 is the applicable state statute of limitations. Owens v. Okure, 488 U.S. 235 (1989). Nor does either party dispute that the particular statute of limitations is one year, as provided for by Tennessee statute. T.C.A. Sec. 28-3-104(a)(3). See Wright v. State of Tennessee, 628 F.2d 949 (6th Cir. 1980).
 
 
 5
 The question is, did Hall have one year from the day he received the termination letter, February 5, or one year from the date of actual termination, February 12? The choice is crucial because, as described, Hall filed his complaint February 10, 1994 - more than one year after the February 5 date, and less than one year after the February 12 date.
 
 
 6
 The district court held, correctly, that federal law governs when the statute accrues. "In determining when the statute of limitations begins to run, that is, when the cause of action accrues, we follow federal law." Dixon v. Anderson, 928 F.2d 212, 215 (6th Cir. 1991) (citing Sevier v. Turner, 742 F.2d 262, 272 (6th Cir. 1984)). Specifically, as applied to section 1983 actions, this court has held that "in determining when the cause of action accrues in section 1983 actions, we have looked to what event should have alerted the typical lay person to protect his or her rights." Dixon, 928 F.2d at 215 (citing Conlin v. Blanchard, 890 F.2d 811, 815 (6th Cir. 1989)).
 
 
 7
 Defendants correctly note that the Supreme Court reached the same result, albeit in an action under 42 U.S.C. Sec. 1981 and Title VII of the 1964 Civil Rights Act, in Delaware State College v. Ricks, 449 U.S. 250 (1980). Ricks involved a claim of employment discrimination by a college professor. The Court held that the alleged discrimination occurred when the school informed Ricks of the decision to terminate him, not when the actual termination occurred. According to the Court, the statute of limitations began to run "at the time the tenure decision was made and communicated to Ricks." Id. at 258. This was true although "one of the effects of the denial of tenure -- the eventual loss of a teaching position -- did not occur until later." Ibid. In Chardon v. Fernandez, 454 U.S. 6 (1981) (per curiam), the Supreme Court reached a similar result. Chardon involved a section 1983 action filed by employees of the Puerto Rico Department of Education, who were allegedly fired for exercising their First Amendment rights. In Chardon, the Supreme Court held that "the proper focus is on the time of the discriminatory act, not the point at which the consequences of the act become painful." Chardon, 454 U.S. at 8. The Court, quoting Ricks, held that "'mere continuity of employment, without more, is insufficient to prolong the life of a cause of action for employment discrimination."' Chardon, 454 U.S. at 8 (quoting Delaware State College v. Ricks, 449 U.S. 250, 257 (1980)).[2]
 
 
 8
 Therefore, the statute of limitations began running on February 5, 1993, the day Hall received notice of his termination. The complaint, filed February 10, 1994, was filed more than one year after the notice and therefore was untimely.
 
 III
 
 9
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable S. Arthur Spiegel, United States District Judge for the Southern District of Ohio, sitting by designation
 
 
 [2]
 Contrary to Hall's arguments, Janikowski v. Bendix Corp., 823 F.2d 945 (6th Cir. 1987), says the same thing. See Janikowski, 823 F.2d at 947