Zack CALDWELL, et al., Plaintiffs,

v.

Tom ROWLAND, Mayor for City of Cleveland, Tennessee, et al., Defendant.

No. 1:95–CV–89.

United States District Court, E.D. Tennessee.

March 12, 1996.

Kenneth O. Fritz, Phillip A. Noblett, Nelson, McMahan, Parker & Noblett, Chattanooga, TN, plaintiffs.

Robert H. Watson, Jr., Arthur F. Knight, III, Watson, Hollow & Reeves, Knoxville, TN, defendants.

## MEMORANDUM

COLLIER, District Judge.

Before the Court is a Motion to Dismiss or in the Alternative, for Summary Judgment (Court File No. 5) filed by defendants Tom Rowland, Mayor for City of Cleveland, Tennessee, et al. (hereinafter referred to as Defendants). Having considered the pleadings of the parties, their arguments regarding this motion, and the applicable law, the Court will **GRANT in part** and **DENY in part** the defendants' motion.

## I. BACKGROUND

This civil action was filed on March 20, 1995 by six named individuals, (hereinafter referred to collectively as Plaintiffs), all of whom are Black males. Plaintiffs sued Mayor Rowland, seven other Cleveland, Tennessee officials, and the City of Cleveland for alleged discrimination in the hiring of firefighters in the Cleveland Fire Department in violation of 42 U.S.C. §§ 1981, 1981a, 1983 and 42 U.S.C. 2000e–2 (Title VII). Plaintiffs seek to prosecute this lawsuit as a class action on behalf of "all others similarly situated" (Complaint, Court File No. 1).

In the complaint, Plaintiffs allege *inter alia* the City of Cleveland operates its Fire Department in such a manner as to deny Plaintiffs and other members of their race equal opportunity for employment. Plaintiffs allege several specific unlawful practices engaged in by Defendants "with the purpose and effect of denying minority persons equal opportunity for employment." Plaintiffs allege Defendants have not hired any minority

firefighters since 1977. Some of the language in the complaint pertains to alleged ongoing discriminatory conduct or activities. For example, in paragraph 28 of the complaint, Plaintiffs allege discriminatory conduct on the part of the Defendants by failing to consider minority applicants on an equal basis; discouraging minority applicants from applying for employment; refusing to hire minority applicants on an equal basis; and failing to provide potential minority applicants with accurate notice of employment opportunities.

Defendants filed a Motion to Dismiss or in the Alternative for Summary Judgment. They argue the applicable statute of limitations bars Plaintiffs' claims, the individually named defendants are sued only in their official capacities and should be dismissed, and the requisites for a class action lawsuit have not been satisfied.

Plaintiffs responded (Court File No. 19) by arguing the complaint alleges a continuing violation so the statute of limitations has not run, by conceding the individual defendants are sued only in their official capacities, and by contending the requisites for a class action lawsuit have been met, but, in any event, determination of this issue should await discovery.

## II. STANDARD FOR MOTION TO DISMISS

■ A motion to dismiss under *Fed. R.Civ.P.* 12(b)(6) requires the Court to construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief. *Meador v. Cabinet for Human Resources*, 902 F.2d 474, 475 (6th Cir.), *cert. denied*, 498 U.S. 867, 111 S.Ct. 182, 112 L.Ed.2d 145 (1990); *see also Cameron v. Seitz*, 38 F.3d 264, 270 (6th Cir.1994). The Court may not grant such a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir.1990); *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts should not weigh evidence or evaluate the credibility of wit-

nesses). The Court must liberally construe the complaint in favor of the party opposing the motion. *Miller*, 50 F.3d at 377. However, the complaint must articulate more than a bare assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988). "[The] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (citations omitted).

■ Since no matters outside of the pleading were presented in support of, or in opposition to, this motion, it will be treated solely as a motion to dismiss. Fed.R.Civ.P. 12(c).

## III. DISCUSSION

### A. Continuing Violation

■ Defendants accurately point out the statute of limitations for civil rights actions such as this is determined by Tennessee law. Tennessee law, Tenn.Code Ann § 28–3–104, provides a one year period of limitation in which to bring such suits. Tenn.Code Ann. § 28–3–104(a)(3) (1995) reads as follows:

(a) The following actions shall be commenced within one (1) year after the cause of action accrued ...

(3) Civil actions for compensatory or punitive damages, or both, brought under the federal civil rights statutes....

*See also Wright v. State of Tennessee*, 628 F.2d 949, 951 (6th Cir.1980) (discussing application of state statute of limitations to federal cause of action). Since the complaint was filed on March 20, 1995, the cause of action must have accrued on or after March 20, 1994. Defendants argue the discriminatory acts alleged in the complaint took place in late 1992, well before the period in which this lawsuit should have been brought.

Plaintiffs agree with Defendants' position that the applicable statute of limitation is one year. However, they disagree with Defendants' position on when the cause of action accrued. Plaintiffs argue their complaint alleges a "continuing violation" and, under this theory, is timely filed. In support of their contention, Plaintiffs point the Court to *Rob-*

erts v. North American Rockwell Corp., 650 F.2d 823 (6th Cir.1981).

In *Roberts,* the Sixth Circuit considered the statute of limitations in a failure to hire context under Title VII. The defendants there had argued that the statute of limitations barred plaintiff Roberts' sexual discrimination action. The district court granted summary judgment in favor of the defendant on this ground. The Sixth Circuit reversed the district court, noting that "[t]he problem is that ... [plaintiff] was subjected to an ongoing pattern of discrimination." 650 F.2d at 826. The court also stated that determining the time the statute of limitations runs differs in a firing context from a refusal to hire or promote context.

> ... In many such situations, the refusal to hire or promote results from an ongoing discriminatory policy which seeks to keep blacks or women in low-level positions or out of the company altogether. In such cases, courts do not hesitate to apply what has been termed the continuing violation doctrine....

*Id.* at 826.

Since *Roberts,* the Sixth Circuit has revisited the continuing violation doctrine several times. *Haithcock v. Frank,* 958 F.2d 671, 678 (6th Cir.1992); *Dixon v. Anderson,* 928 F.2d 212, 216 (6th Cir.1991); *Conlin v. Blanchard,* 890 F.2d 811, 815 (6th Cir.1989); *EEOC v. Penton Industrial Publishing Co.,* 851 F.2d 835, 838 (6th Cir.1988); *Held v. Gulf Oil Co.,* 684 F.2d 427, 430 (6th Cir.1982).

■ As pointed out by Defendants, there are two narrowly limited categories under which continuing violations have been found. The first category is made up of cases where there is present discriminatory conduct taking place. Under this category, "at least one of the forbidden discriminatory acts must have occurred within the relevant time period." *Dixon,* 928 F.2d at 216.

■ The second category is made up of cases where the discriminatory acts are a part of "a longstanding and demonstrable policy of discrimination." *Dixon,* 928 F.2d at 217 (citing *Penton,* 851 F.2d at 838). An "over-arching policy of discrimination" in and of itself is not sufficient to toll the running of the statute of limitations. There still "must be a specific allegedly discriminatory act against the plaintiff within the relevant limitations period...." *Dixon,* 928 F.2d at 217; *Conlin v. Blanchard,* 890 F.2d 811, 815 (6th Cir.1989).

In *Haithcock v. Frank,* 958 F.2d 671 (6th Cir.1992) and *Parrish v. Ford Motor Co.,* 1992 WL 20305 (6th Cir. Feb. 7, 1992), the Sixth Circuit confronted the issue of applying statutes of limitations in the face of an alleged continuing violation. In *Haithcock,* a former postal employee alleged violations of Title VII and the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.* At the trial court level, his claim was dismissed as untimely. On appeal, the Sixth Circuit addressed the continuing violation doctrine. Finding that the plaintiff had sufficiently alleged a continuing violation theory before the EEOC, the Sixth Circuit reversed the trial court's decision.

*Parrish* is an age discrimination case where the Sixth Circuit again addressed the issue of continuing violations. Parrish was an employee at Ford Motor Company. Parrish alleged he had been denied promotion opportunities continuously at Ford on the basis of age. Summary judgment was entered against Parrish by the district court. After examining circuit precedent, the Sixth Circuit reversed the district court and remanded the case with instructions to allow discovery to proceed. The Circuit Court deemed it necessary for the parties to complete discovery before summary judgment should be granted where a continuing violation is alleged. 1992 WL 20305, at *6.

Putting aside the fact *Parrish* involves allegations of wrongful refusal to promote, while this case involves allegations of wrongful refusal to hire, the Court finds the parallels between *Parrish* and this case very clear. In both cases, there are allegations of a longstanding policy; there are general allegations of continuous discrimination; there are no specific allegations of discriminatory acts within the relevant time limitations; and motions to dismiss or summary judgment were filed before any significant discovery was conducted.

At this point in the case with only the pleading before the Court, the only question which must be answered is whether the allegations alleged in the Complaint are sufficient to withstand the motion to dismiss. The Court must construe the complaint in the light most favorable to Plaintiffs and must assume all the allegations in the complaint are true. Only if the Court is convinced that under no set of circumstances could the Plaintiffs make out a cause of action should the Court grant the motion to dismiss.

With this standard in mind, and based on *Parrish*, the Court will **DENY** this part of Defendants' Motion to Dismiss or Alternatively for Summary Judgment. The Court will allow discovery to proceed to determine whether Plaintiff can "bear[ ] [their] burden of alleging a discriminatory act within the limitations period and present[ ] sufficient supporting evidence to overcome [Defendants'] motion for summary judgment...." 1992 WL 20305, at *7. Following discovery in this matter, the Court will be willing to revisit this issue.

### B. *Individual Defendants*

■ Defendants move the Court to dismiss all of the individual defendants from the Title VII, 42 U.S.C. §§ 1981 and 1983 claims. Defendants argue individual liability does not exist under Title VII and no factual basis to find individual liability is alleged in the complaint. The Court reads Plaintiffs' response as conceding they are proceeding against the individual defendants in their official capacities only. As Defendants argue, a suit against these defendants in their official capacities is simply a suit against the City of Cleveland. Accordingly, to the extent any claims could be construed as lodged against the individual defendants in their individual capacities, Defendants' Motion to Dismiss or for Summary Judgement will be **GRANTED,** and such claims will be **DISMISSED.** All references to these defendants will simply be considered references to officials of the City of Cleveland.

### C. *Class Action*

■ Defendants contest Plaintiffs' request to classify this case as a class action

lawsuit under Fed.R.Civ.P. 23(a). Rule 23(a) reads as follows:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Rule 23(c) requires the Court to determine as soon as practicable whether a lawsuit shall be maintained as a class action or not. Plaintiffs, in response to this part of the Motion to Dismiss, submit that "class certification should be determined only following some opportunity of Plaintiffs to discover the actual numbers and names of potential class members from documents maintained by [Defendants]."

The Court finds this suggestion well taken. At this point in the litigation, the Court does not have a clear basis on which to determine the size of the alleged class and whether members of this class actually desired employment with defendant. The Court will not engage in speculation to decide this matter. Following discovery when more information is available regarding the application of Rule 23, the Court will be willing to revisit this issue when it can be more intelligently addressed.

The Sixth Circuit Court of Appeals recently in *In re Am. Medical Systems, et al.,* 75 F.3d 1069 (6th Cir.1996), discussed Rule 23 class certification at length. The court there said:

> ... Although Rule 23 requires that a class certification 'shall' be decided 'as soon as practicable' after the commencement of an action, Fed.R.Civ.P. 23(c)(1), 'this does not mandate precipitate action. The court should defer decision on certification pending discovery if the existing record is inadequate for resolving the relevant issues.'

*Id.* at 1086 (quoting *Chateau de Ville Prods., Inc. v. Tams–Witmark Music Library Inc.,* 586 F.2d 962, 966 (2d Cir.1978)).

Accordingly, the Court will **DENY** this part of Defendants' Motion to Dismiss or for Summary Judgment.

## IV. *CONCLUSION*

In summary, the Court will **GRANT in part** and **DENY in part** Defendants' Motion to Dismiss or in the Alternative for Summary Judgment. That part of Defendants' motion based upon the statute of limitations will be denied at this time. The Court will **GRANT** that part of Defendants' motion seeking dismissal of individual defendants sued in their individual capacities, and at this time will **DENY** that part of Defendants' motion objecting to class action certification.

An Order will enter.