86 F.3d 1155
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John Timothy ENOCHS, Plaintiff-Appellant,
v.
Robert WILLARD, Individually and as Sheriff of Dyer County,
Tennessee; Dyer County, Tennessee, Sheriff's
Department; County of Dyer, Tennessee,
Defendants-Appellees.
 No. 95-6070.
 United States Court of Appeals, Sixth Circuit.
 May 31, 1996.
 
 1
 Before: RYAN and NORRIS, Circuit Judges; DOWD, District Judge.*
 
 ORDER
 
 2
 John Timothy Enochs appeals a district court grant of summary judgment for defendants in this civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Enochs filed his complaint in the district court alleging that he was subjected to deliberate indifference to his serious medical needs in the Dyer County, Tennessee, Jail between May 9, 1988, and October 7, 1991. Plaintiff named the defendant sheriff in his individual and official capacities and sought $1,000,000 compensatory damages and $1,000,000 punitive damages. Thereafter, plaintiff obtained counsel. Defendants moved for summary judgment, plaintiff by counsel responded in opposition, and defendants submitted a reply. The district court granted defendants' motion and entered summary judgment for defendants. Plaintiff filed a timely notice of appeal pro se.
 
 
 4
 On appeal, plaintiff is proceeding pro se and contends that: (1) the treatment he received during two days within the applicable statute of limitations was unconstitutional; and (2) his claim constitutes a continuing violation not barred under the statute of limitations. Defendants respond that: (1) plaintiff's claims are barred under the statute of limitations; and (2) the treatment received by plaintiff during his incarceration was constitutional in any event. Upon consideration, the judgment of the district court is affirmed for the reasons stated by the district court in its order granting defendants' motion for summary judgment filed June 16, 1995.
 
 
 5
 A grant of summary judgment will be reviewed de novo on appeal. Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991). Generally, summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to [a] judgment as a matter of law." Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988) (quoting Fed.R.Civ.P. 56(c)). Only factual disputes that might affect the outcome of a lawsuit under substantive law are "material." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To be "genuine," a dispute must involve evidence upon which a jury could find for the nonmoving party. Id. The burden is upon the moving party to show that "there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Thereafter, the nonmoving party must present significant probative evidence in support of the complaint to defeat the motion. Anderson, 477 U.S. at 249-50. The nonmoving party is required to show more than a metaphysical doubt as to the material fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Here, summary judgment for defendants was proper.
 
 
 6
 Here, plaintiff's claims that his treatment was unconstitutional involves actions which occurred beyond the applicable one-year statute of limitations. See Sevier v. Turner, 742 F.2d 262, 272 (6th Cir.1984); Wright v. Tennessee, 628 F.2d 949, 951 (6th Cir.1980) (en banc). Further, plaintiff's claims do not involve a continuing violation not barred under the statute of limitations. See Anderson v. City of Bristol, 6 F.3d 1168, 1174-75 (6th Cir.1993); see also LRL Properties v. Portage Metro Hous. Auth., 55 F.3d 1097, 1105-06 (6th Cir.1995). To the extent that plaintiff's claims involve acts that occurred within the limitations period, the claims simply do not rise to the level of a constitutional deprivation. See Estelle v. Gamble, 429 U.S. 97, 103-04 (1976); Wilson v. Seiter, 501 U.S. 294, 297-300 (1991); Caldwell v. Moore, 968 F.2d 595, 602 (6th Cir.1992).
 
 
 7
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation